UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

CARLOS ZELAYA, RUTH ZELAYA by her
Guardian Ad Litem Carlos Zelaya
and CARLOS ZELAYA, as the Admin-
istrator Ad Prosequendum of
the Estate of JOSE CARLOS ZELAYA,                    **ANSWER WITH**
deceased,                                            **CROSS CLAIMS**

                              Plaintiffs,            08 CV 2933
      -against-
                                                     JUDGE McKENNA

MADISON SQUARE GARDEN, L.P.
CABLEVISION SYSTEMS CORPORATION,
STITCH BAR & LOUNGE INC., and KEVIN                  ANSWERING
FREIBOTT,_____            DEFENDANT DEMANDS
                                                     TRIAL BY JURY
                              Defendant.
----------------------------------------X

        The defendant, KEVIN FREIBOTT, by his attorneys, MORRIS

DUFFY ALONSO & FALEY, upon information and belief, answers the

plaintiff's Complaint herein as follows:


                     **ANSWERING PARTIES.**


        FIRST.  Denies any knowledge or information thereof

sufficient to form a belief as to the truth of the allegations

contained in the paragraph or subdivision of the Complaint

designated "1".


        SECOND.  Denies any knowledge or information thereof

sufficient to form a belief as to the truth of the allegations

contained in the paragraph or subdivision of the Complaint designated "2".

THIRD.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "3".

FOURTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "4".

FIFTH. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated "5".

SIXTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "6".

SEVENTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations

contained in the paragraph or subdivision of the Complaint designated "7".

EIGHTH. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "8".

NINTH. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "9".

TENTH. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "10".

ELEVENTH. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "11" except admits answering defendant Kevin Freibott is a resident of the State of New Jersey.

## ANSWERING JURISDICTION AND VENUE

TWELFTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "12".

THIRTEENTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "13".

FOURTEENTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "14".

FIFTEENTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "15".

## ANSWERING BACKGROUND

SIXTEENTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "16".

SEVENTEENTH.    Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "17".

EIGHTEENTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "18".

NINETEENTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "19".

TWENTIETH.  Denies upon information and belief each and every allegation contained in the paragraph or subdivision of the Complaint designated "20" and respectfully refers all questions of law to this honorable court.

TWENTY-FIRST.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "21" and respectfully refers all questions of law to this honorable court.

TWENTY-SECOND.    Denies    each    and    every    allegation contained   in   the   paragraph   or   subdivision   of   the   Complaint designated "22" and respectfully refers all questions of law to this honorable court.

TWENTY-THIRD.  Denies upon information and belief each and every allegation contained in the paragraph or subdivision of the Complaint designated "23" and respectfully refers all questions of law to this honorable court.

TWENTY-FOURTH.    Denies    each    and    every    allegation contained   in   the   paragraph   or   subdivision   of   the   Complaint designated "24" and respectfully refers all questions of law to this honorable court.

TWENTY-FIFTH. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "25" and respectfully refers all questions of law to this honorable court.

TWENTY-SIXTH. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "26" and respectfully refers all questions of law to this honorable court.

TWENTY-SEVENTH.    Denies   each   and   every   allegation contained   in   the   paragraph   or   subdivision   of   the   Complaint designated "27" and respectfully refers all questions of law to this honorable court.

TWENTY-EIGHTH.    Denies   each   and   every   allegation contained   in   the   paragraph   or   subdivision   of   the   Complaint designated "28" and respectfully refers all questions of law to this honorable court.

TWENTY-NINTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "29" and respectfully refers all questions of law to this honorable court.

THIRTIETH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "30" and respectfully refers all questions of law to this honorable court.

THIRTY-FIRST.    Denies   each   and   every   allegation contained   in   the   paragraph   or   subdivision   of   the   Complaint designated "31" and respectfully refers all questions of law to this honorable court.

**<u>ANSWERING COUNT ONE.</u>**

THIRTY-SECOND.   As to the paragraph of the Complaint designated "32", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "31" inclusive of the entire Complaint, with the same force and effect as if fully set forth at length herein.

THIRTY-THIRD.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "33" and respectfully refers all questions of law to this honorable court.

THIRTY-FOURTH.   Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "34" and respectfully refers all questions of law to this honorable court.

THIRTY-FIFTH.   Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "35" and respectfully refers all questions of law to this honorable court.

THIRTY-SIXTH.   Denies any knowledge or information thereof sufficient to form a belief as to the truth of the

allegations contained in the paragraph or subdivision of the Complaint designated "36" and respectfully refers all questions of law to this honorable court.

THIRTY-SEVENTH.    Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "37" and respectfully refers all questions of law to this honorable court.

THIRTY-EIGHTH.    Denies upon information and belief each and every allegation contained in the paragraph or subdivision of the Complaint designated "38".

THIRTY-NINTH. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "39" and respectfully refers all questions of law to this honorable court.

FORTIETH.    Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "40" and respectfully refers all questions of law to this honorable court.

FORTY-FIRST.    Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "41"

and respectfully refers all questions of law to this honorable
court.

FORTY-SECOND.  Denies each and every allegation contained
in the paragraph or subdivision of the Complaint designated "42"
and respectfully refers all questions of law to this honorable
court.

FORTY-THIRD.  Denies each and every allegation contained
in the paragraph or subdivision of the Complaint designated "43"
and respectfully refers all questions of law to this honorable
court.

FORTY-FOURTH.  Denies each and every allegation contained
in the paragraph or subdivision of the Complaint designated "44".

FORTY-FIFTH.     Denies each and every allegation
contained in the paragraphs or subdivisions of the Complaint
designated "45" and respectfully refers all questions of law to
this honorable court.

FORTY-SIXTH.  Denies each and every allegation contained
in the paragraph or subdivision of the Complaint designated "46".

FORTY-SEVENTH.    Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "47".

## ANSWERING COUNT TWO.

FORTY-EIGHTH.    As to the paragraph of the Complaint designated "48", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "47" inclusive of the entire Complaint, with the same force and effect as if fully set forth at length herein.

FORTY-NINTH.    Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "49" and respectfully refers all questions of law to this honorable court.

FIFTIETH.    Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "50" and respectfully refers all questions of law to this honorable court.

FIFTY-FIRST. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "51"

and respectfully refers all questions of law to this honorable
court.

FIFTY-SECOND.   Denies any knowledge or information
thereof sufficient to form a belief as to the truth of the
allegations contained in the paragraph or subdivision of the
Complaint designated "52" and respectfully refers all questions of
law to this honorable court.

FIFTY-THIRD.  Denies each and every allegation contained
in the paragraph or subdivision of the Complaint designated "53"
and respectfully refers all questions of law to this honorable
court.

FIFTY-FOURTH.  Denies upon information and belief  each
and every allegation contained in the paragraph or subdivision of
the Complaint designated "54" and respectfully refers all questions
of law to this honorable court.

FIFTY-FIFTH.  Denies each and every allegation contained
in the paragraph or subdivision of the Complaint designated "55"
and respectfully refers all questions of law to this honorable
court.

FIFTY-SIXTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "56" and respectfully refers all questions of law to this honorable court.

FIFTY-SEVENTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "57" and respectfully refers all questions of law to this honorable court.

FIFTY-EIGHTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "58" and respectfully refers all questions of law to this honorable court.

FIFTY-NINTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "59" and respectfully refers all questions of law to this honorable court.

SIXTIETH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "60" and respectfully refers all questions of law to this honorable court.

SIXTY-FIRST.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "61" and respectfully refers all questions of law to this honorable court.

SIXTY-SECOND.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "62".

SIXTY-THIRD. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "63".

### ANSWERING COUNT THREE.

SIXTY-FOURTH.  As to the paragraph of the Complaint designated "64", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "63" inclusive of the entire Complaint, with the same force and effect as if fully set forth at length herein.

SIXTY-FIFTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "66" and respectfully refers all questions of law to this honorable court.

SIXTY-SIXTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "67" and respectfully refers all questions of law to this honorable court.

SIXTY-SEVENTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "68" and respectfully refers all questions of law to this honorable court.

SIXTY-EIGHTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "69".

SIXTY-NINTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "70".

SEVENTIETH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "71".

SEVENTY-FIRST.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "72".

SEVENTY-SECOND.    Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "73".

SEVENTY-THIRD.    Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "74".

SEVENTY-FOURTH.    Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "75" and respectfully refers all questions of law to this honorable court.

## ANSWERING COUNT FOUR.

SEVENTY-FIFTH.    As to the paragraph of the Complaint designated "76", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "75" inclusive of the entire Complaint, with the same force and effect as if fully set forth at length herein.

SEVENTY-SIXTH.    Denies each and every allegation contained in the paragraph or subdivision of the Complaint

designated "77" and respectfully refers all questions of law to this honorable court.

SEVENTY-SEVENTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "78".

SEVENTY-EIGHTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "79".

SEVENTY-NINTH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "80".

EIGHTIETH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "81" and respectfully refers all questions of law to this honorable court.

EIGHTY-FIRST.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "82".

## ANSWERING COUNT FIVE.

EIGHTY-SECOND. As to the paragraph of the Complaint designated "83", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "82" inclusive of the entire Complaint, with the same force and effect as if fully set forth at length herein.

EIGHTY-THIRD. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "84" and respectfully refers all questions of law to this honorable court.

EIGHTY-FOURTH. Denies each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "85" and respectfully refers all questions of law to this honorable court.

EIGHTY-FIFTH. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "86" and respectfully refers all questions of law to this honorable court.

## ANSWERING COUNT SIX.

EIGHTY-SIXTH. As to the paragraph of the Complaint designated "87", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "86" inclusive of the entire Complaint, with the same force and effect as if fully set forth at length herein.

EIGHTY-SEVENTH. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "88" and respectfully refers all questions of law to this honorable court.

EIGHTY-EIGHTH. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "89" and respectfully refers all questions of law to this honorable court.

EIGHTY-NINTH. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "90" and respectfully refers all questions of law to this honorable court.

NINETIETH.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "91".

NINETY-FIRST.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "92".

NINETY-SECOND.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "93".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE.

NINETY-THIRD.  Any damages which may have been sustained by the plaintiffs were contributed to in whole or in part by the culpable conduct of the plaintiff and plaintiff's decedent, pursuant to Section 14-A, CPLR.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE.

NINETY-FOURTH.  Any damages which may have been sustained by the plaintiffs were contributed to in whole or in part by the culpable conduct of third parties not under the control of answering defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE.

NINETY-FIFTH.   Pursuant to CPLR 4545(c), if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security Act), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the plaintiff), then and in that event answering defendant hereby pleads in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE.

NINETY-SIXTH.  The injuries and damages alleged, all of which are denied by the answering defendant, were caused by the intervening, interceding and superseding acts of third parties not under the control of answering defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE.

NINETY-SEVENTH.  Answering defendant is entitled to limitation of liability pursuant to Article 16 of the CPLR.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A FIRST CROSS CLAIM AGAINST CO-DEFENDANTS, ANSWERING DEFENDANT ALLEGES:**

NINETY-EIGHTH.  If plaintiffs were caused to sustain injuries and damages at the time and place set forth in plaintiff's Complaint through any carelessness, recklessness and negligence other than plaintiff's own, those damages arose in whole or in part from the acts of co-defendants, and if any judgment is recovered herein by plaintiff against answering defendant, then this defendant will be damaged thereby and will be entitled to apportionment or indemnification, in whole or in part, on the basis of proportionate responsibility or obligation to indemnify of co-defendants.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND
AS AND FOR A SECOND CROSS CLAIM AGAINST
CO-DEFENDANTS, ANSWERING DEFENDANT
ALLEGES:**

NINETY-NINTH.  If the plaintiff was caused to sustain injuries and damages at the time and in the manner set forth in his Complaint through any carelessness, recklessness or negligence other than that of plaintiff's own, which is expressly denied, such injuries and damages will have been caused, brought about and sustained solely by reason of the active, primary and affirmative negligence, carelessness and wrongdoing of the co-defendants, by their agents, servants and/or employees, without any negligence on the part of the answering defendant contributing thereto, or if there be any negligence on the part of the answering defendant, the same was merely passive and secondary in nature.

ONE HUNDREDTH.  That by reason of the foregoing, if the plaintiff recovers any judgment against the answering defendant, then this defendant is entitled to be fully indemnified by the co-defendants in a like amount, together with the costs, disbursements, expenses and attorneys' fees of the defense of this action by reason of the active and primary negligence of the co-defendants.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND
AS AND FOR A THIRD CROSS CLAIM AGAINST
CO-DEFENDANTS, ANSWERING DEFENDANT
ALLEGES:**

ONE HUNDRED FIRST.  If plaintiff sustained damages as alleged in the Complaint through any fault other than the plaintiff's own fault, then such damages were sustained due to the sole fault of the co-defendants, and if plaintiff should obtain and/or recover judgment against the answering defendant, then the co-defendants shall be liable pursuant to common law for the full indemnification of the answering defendant.

In view of the foregoing, the answering defendant is entitled to complete common law indemnification for all loss, damage, cost or expense, including, without limitation, judgments, attorneys' fees, Court costs and the cost of appellate proceedings from the co-defendants.

**WHEREFORE,** answering defendant demands judgment dismissing the Complaint as to answering defendant, with costs and further demands that the ultimate rights of this defendant and co-defendants, as between themselves, be determined in this action, and that answering defendant have judgment over and against co-defendants for all or a part of any verdict or judgment which may

be obtained by the plaintiff against answering defendant, together with costs, interest and disbursements of this action.

/S/
_____
DIANE L. DeVITA, For the Firm
( 1203  )
MORRIS DUFFY ALONSO & FALEY
Attorneys for defendant
KEVIN FREIBOTT
Office & P.O. Address
2 Rector Street - 22nd Floor
New York, New York 10006
(212) 766-1888

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK  )
                    SS.:

COUNTY OF NEW YORK )


     Maureen Fearon, being duly sworn, deposes and says: That deponent is not a party to the action and is over the age of l8 years.  That on the      day of May, 2008, deponent served the within ANSWER WITH CROSS CLAIMS upon:


DAVIS, SAPERSTEIN & SALOMON, P.C.,
Attorneys for plaintiffs
110 East 55th. Street - 12th Floor
New York, New York 10022
(201)907-5000


those being the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under  the exclusive care and custody of the United States Post Office Department.

                         /S/_____
                             MAUREEN FEARON


Sworn to before me this
      day of May, 2008

/S/_____
    NOTARY PUBLIC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

CARLOS ZELAYA, RUTH ZELAYA by her
Guardian Ad Litem Carlos Zelaya
and CARLOS ZELAYA, as the Admin-
istrator Ad Prosequendum of
the Estate of JOSE CARLOS ZELAYA,
deceased,

                Plaintiff,

    -against-

MADISON SQUARE GARDEN, L.P.
CABLEVISION SYSTEMS CORPORATION,
STITCH BAR & LOUNGE INC., and KEVIN
FREIBOTT,

                Defendants.
```

ANSWER WITH CROSSCLAIMS

**MORRIS DUFFY ALONSO & FALEY**
Attorneys for Defendant KEVIN FREIBOTT
2 Rector Street - 22nd Floor
New York, New York 10006
(212) 766-1888

**PLEASE TAKE NOTICE :**

[] **NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                    20

[] **NOTICE OF SETTLEMENT**
that an order                              of which the within is a true copy will be presented for
settlement to the HON.                                              one of the judges
of the within named court, at
on                              20          at                    M..

Dated:                                              Yours, etc.

**MORRIS DUFFY ALONSO & FALEY**
Attorneys for Defendant(s)
Office and Post Office Address
To:                              2 Rector Street
New York, New York 10006