UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
CARLOS ZELAYA, et al.,                :

        Plaintiffs,                  :

   -against-                           :     08 Civ. 2933 (LMM)

MADISON SQUARE GARDEN, L.P., et al.   :

        Defendants.                  :

                                      :
------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MADISON SQUARE GARDEN, L.P.'S MOTION TO DISMISS

                                      Michael S. Sommer
                                      MS-2727
                                      MCDERMOTT WILL & EMERY LLP
                                      340 Madison Avenue
                                      New York, NY  10173-1922
                                      Telephone:  (212) 547-5000
                                      Facsimile:  (212) 547-5400

                                      Bobby R. Burchfield (*pro hac vice* pending)
                                      Richard W. Smith (*pro hac vice* pending)
                                      MCDERMOTT WILL & EMERY LLP
                                      600 Thirteenth Street, N.W.
                                      Washington, D.C.  20005
                                      Telephone: (202) 756-8000
                                      Facsimile: (202) 756-8087

                                      Attorneys for Defendant Madison Square
June 2, 2008                          Garden, L.P.

WDC99 1573474-1.082528.0011

# TABLE OF CONTENTS

STATEMENT OF THE CASE ........................................................................................1

LEGAL STANDARD .....................................................................................................2

ARGUMENT...................................................................................................................2

I.  PLAINTIFFS' COMMON LAW CLAIMS MUST BE DISMISSED WITH PREJUDICE BECAUSE NEW YORK COMMON LAW IMPOSES NO LEGAL DUTY ON TAVERN OWNERS TO PROTECT THIRD PARTIES FROM INJURIES CAUSED OFF THEIR PREMISES BY INTOXICATED PATRONS. .............................................2

    A.  Count I Must Be Dismissed or Repleaded..............................................3

    B.  Counts IV, V, and VI Must Be Dismissed with Prejudice. ....................5

II.  COUNT VI MUST BE DISMISSED WITH PREJUDICE BECAUSE "LOST CONSORTIUM" DAMAGES ARE NOT RECOVERABLE IN A DRAM SHOP ACTION. ...........................................................................................6

CONCLUSION ................................................................................................................8

i

# TABLE OF AUTHORITIES

## CASES

*ATSI Communications, Inc. v. Shaar Fund Ltd.*, 493 F.3d 87 (2d Cir. 2007) ............................ 2

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ..................................................................... 2

*Besner v. Bucci*, 523 N.Y.S.2d 300 (N.Y. App. Div. 1987) ............................................. 3, 5, 7, 8

*Conrad v. Beck-Turek, Ltd., Inc.*, 891 F. Supp. 962 (S.D.N.Y. 1995) .............................. passim

*Delamater v. Kimmerle*, 484 N.Y.S.2d 213 (N.Y. App. Div. 1984) ........................................ 3, 5

*Demarco v. Ouellette*, No. 04-Civ.0440, 2005 U.S. Dist. LEXIS 19790, at *22 (S.D.N.Y. Sept. 9, 2005) ............................................................................................................ 5

*Dunphy v. J & I Sports Enterprises, Inc.*, 748 N.Y.S.2d 595 (N.Y. App. Div. 2002) ............................................................................................................................................ 5, 8

*Etu v. Cumberland Farms, Inc.*, 538 N.Y.S.2d 657 (N.Y. App. Div. 1989) .............................. 3

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir.1994) ............................... 3

*Goldman v. MCL Cos. of Chicago*, 131 F. Supp. 2d 425 (S.D.N.Y. 2000) ............................... 7

*Lee v. Holloway*, 550 N.Y.S.2d 977 (N.Y. Sup. Ct. 1989) ........................................................ 6

*Moss v. Stinnes Corp.*, 169 F.3d 784 (2d Cir. 1999) .................................................................. 8

*O'Mahony v. Accenture, Ltd.*, 537 F. Supp. 2d 506 (S.D.N.Y. 2008) ....................................... 2

*Valicenti v. Valenze*, 68 N.Y. 2d 826, 499 N.E.2d 870 (1986) .................................................. 8

## RULE

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 1, 2

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant Madison Square Garden, L.P. ("MSG") respectfully submits this memorandum of law in support of its motion to dismiss the plaintiffs' complaint, in part, for failure to state a claim upon which relief can be granted. Plaintiffs have asserted a claim against MSG based on its alleged violation of New York's Dram Shop Act (count I), as well as common law claims for wrongful death (count IV), survivorship (count V), and loss of services, society, and companionship (count VI). Counts IV, V, and VI must be dismissed with prejudice because they assert claims that are not cognizable under New York common law. The common law allegations in count I must be stricken, or the claim dismissed, for the same reasons. Finally, the claim for lost consortium in count VI must also be dismissed with prejudice because loss of consortium is not recoverable under the Dram Shop Act.

## STATEMENT OF THE CASE

This case arises out of a tragic car accident caused by the reckless driving of defendant Kevin Freibott on January 23, 2007. According to the complaint, the allegations of which are taken as true for purposes of this motion, Mr. Freibott had been drinking in at least two locations earlier that night. (Compl. ¶¶ 21, 24, 27.) It alleges that Mr. Freibott first visited Stitch Bar & Lounge ("Stitch"), where he was sold "multiple alcoholic beverages," including after he had become visibly intoxicated. (Compl. ¶¶ 21, 22.) The complaint asserts that Mr. Freibott allegedly attended a basketball game at Madison Square Garden at which he was served additional alcoholic beverages after he had become visibly intoxicated. (Compl. ¶ 25.) Following the game, Mr. Freibott drove his vehicle in a reckless manner and struck the rear of the vehicle in which Carlos, Ruth, and Jose Zelaya were passengers, causing injuries to Mr. and Mrs. Zelaya and the death of their son, Jose Carlo Zelaya. (Compl. ¶ 27-30.)

The claims against MSG are spread across four counts. Count I alleges a violation of New York's Dram Shop Act, which forbids the sale of alcoholic beverages to a patron who is visibly intoxicated at the time of sale. Counts IV, V, and VI assert three separate common law claims for wrongful death, survivorship, and lost consortium. In addition, the plaintiffs have included within count I several extraneous allegations, in which they assert that MSG owed them various common law legal duties, which they further allege were breached.[1]

## LEGAL STANDARD

Rule 12(b)(6) requires dismissal of a complaint if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive dismissal, the plaintiff must provide grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Communications, Inc. v. Shaar Fund Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). The complaint must provide "plausible grounds" for the allegations with "enough facts to raise a reasonable expectation that discovery will reveal evidence" to support them. *Twombly*, 127 S.Ct. at 1965. Mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *O'Mahony v. Accenture, Ltd.*, 537 F. Supp. 2d 506, 509 (S.D.N.Y. 2008) (quoting *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir.1994)).

## ARGUMENT

I. **PLAINTIFFS' COMMON LAW CLAIMS MUST BE DISMISSED WITH PREJUDICE BECAUSE NEW YORK COMMON LAW IMPOSES NO LEGAL DUTY ON TAVERN OWNERS TO PROTECT THIRD PARTIES FROM INJURIES CAUSED OFF THEIR PREMISES BY INTOXICATED PATRONS.**

It is well settled that New York does not recognize a common law cause of action against a seller of alcohol for injuries caused away from its premises. *See Conrad v. Beck-Turek, Ltd.*,

---

[1] Counts II and III assert claims only against Stitch and Mr. Freibott, respectively, and are therefore not

*Inc.*, 891 F. Supp. 962, 968 (S.D.N.Y. 1995) (following consistent decisions of New York appellate courts that "explicitly hold that common law liability is not to be imposed upon a tavern owner for the conduct of an intoxicated patron when the injury takes place off the premises"); *see also Etu v. Cumberland Farms, Inc.*, 538 N.Y.S.2d 657, 659 (N.Y. App. Div. 1989) (reversing Supreme Court's decision to deny motion to dismiss common law negligence claims against tavern for off-premises injury); *Besner v. Bucci*, 523 N.Y.S.2d 300, 301 (N.Y. App. Div. 1987) ("Common law liability is not to be imposed upon a tavern owner for conduct of an intoxicated patron when the injury takes place at a location some distance from the owner's establishment."); *Delamater v. Kimmerle*, 484 N.Y.S.2d 213, 215 (N.Y. App. Div. 1984) ("Courts have declined to impose common law negligence liability upon a tavern owner for the conduct of voluntarily intoxicated patrons where, as here, the injury takes place at a location some distance from the tavern owner's establishment and outside the area controlled by that person.").

Based on this line of settled case law, the Court should dismiss count I of the complaint or require Plaintiff to replead it without any allegations other than those relating to MSG's alleged violations of the Dram Shop Act. For the same reason, counts IV, V, and VI, which are solely based on the common law, must be dismissed with prejudice.

### A.   Count I Must Be Dismissed or Repleaded.

Plaintiffs' claim pursuant to the Dram Shop Act in count I is littered with extraneous allegations of non-existent common law violations. Because the Dram Shop Act provides the exclusive legal remedy for persons injured in off-premises incidents -- and the exclusive legal standard applicable to such claims -- either the entire claim must be dismissed or those common law allegations must be dismissed and the Dram Shop claim appropriately repleaded.

---

addressed in this motion.

Specifically, plaintiffs have alleged in count I that defendant MSG (along with Cablevision Systems Corporation) has the following common law legal duties:

- "to prevent a visibly intoxicated patron from operating a motor vehicle in light of the foreseeable harm to the public caused by the visibly intoxicated patron's operation of said vehicle including Kevin Freibott." (Compl. ¶ 34.)

- "to hire and properly train its servants, agents and/or employees, known or unknown, to prevent serving alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, consistent with the legal requirements promulgated by the State and City of New York, regulations set forth by the NCAA, and Cablevision's and MSG's own posted rules, regulations and guidelines for serving alcoholic beverages during events hosted at The Garden." (Compl. ¶ 35.)

- "to assure that its servants, agents and/or employees, known or unknown, comply with the applicable legal requirements promulgated by the State and City of New York, the regulations set forth by the NCAA, and Cablevision's and MSG's own posted rules, regulations and guidelines for serving alcoholic beverages during events hosted at The Garden." (Compl. ¶ 36.)

Even if any of these purported "duties" exist anywhere in the common law, which is doubtful,[2] they are certainly not found in the Dram Shop Act, and must therefore be dismissed with prejudice or stricken. The Dram Shop Act creates the exclusive cause of action against a premises licensed to sell alcoholic beverages for injuries caused off-site as a result of sales of alcohol to a patron, and only if and to the extent the patron's intoxication is visible to the seller. *See Conrad v. Beck-Turek*, 891 F. Supp. 962, 968-69 (S.D.N.Y. 1995) (dismissing all common-law claims and allowing only Dram Shop claim to be maintained); *Besner v. Bucci*, 523 N.Y.S.2d 300, 301 (N.Y. App. Div. 1987) (dismissing all common law causes of action in Dram Shop case); *Delamater v. Kimmerle*, 484 N.Y.S.2d 213, 215 (N.Y. App. Div. 1984) ("[S]ection 11-101 of the General Obligations Law represents the creation of a liability not previously

---

[2] For example, a company's failure to follow its internal policies is insufficient to show negligence. *See Sherman v. Robinson*, 606 N.E.2d 1365, 1369 n.3 (N.Y. 1992) (noting that "[v]iolation of a company's internal rules is not negligence in and of itself"). A failure to follow a third party's regulations is even further removed and cannot constitute negligence. Likewise, plaintiffs do not identify any relevant legal requirements promulgated by the State or City of New York and, other than the Dram Shop Act, there are

4

existing in the common law. . . ."); *See also Demarco v. Ouellette*, No. 04-Civ.0440, 2005 U.S. Dist. LEXIS 19790, at *22 (S.D.N.Y. Sept. 9, 2005) ("[T]o sustain a claim under the Dram Shop Act, a plaintiff must present some evidence that an alcohol vendor (i) sold alcohol to a patron (ii) while that patron was visibly intoxicated."). In addition, because the Dram Shop Act is in derogation of the common law, New York courts have held consistently that it must be narrowly construed. *See, e.g., Dunphy v. J & I Sports Enterprises, Inc.*, 748 N.Y.S.2d 595, 597 (N.Y. App. Div. 2002); *Lee v. Holloway*, 550 N.Y.S.2d 977, 979 (N.Y. Sup. Ct. 1989). None of the common law "duties" MSG is alleged to have violated is contained in the Act; therefore, these allegations must be dismissed with prejudice or stricken.

### B.  Counts IV, V, and VI Must Be Dismissed with Prejudice.

In addition to statutory Dram Shop claims, plaintiffs assert three pure common law negligence claims that cannot stand. Specifically, plaintiffs have brought separate common law claims for wrongful death (count IV), survivorship (count V), and "loss of services, society, & companionship" (count VI). These claims assert that MSG sold alcoholic beverages to Mr. Freibott, that MSG's conduct was reckless and/or negligent and that MSG is therefore liable to Plaintiffs because Mr. Freibott's vehicle subsequently struck the plaintiffs' vehicle on the Pulaski Skyway, several miles from Madison Square Garden. Because these common law claims all purport to extend common law liability to MSG for injuries caused by a patron away from its premises, they are not cognizable and must be dismissed with prejudice.

In *Conrad v. Beck-Turek, Ltd.*, the plaintiff's decedent and three friends were allegedly drinking at the defendant's tavern before driving home. *Conrad*, 891 F. Supp. at 965. On the way home, one of the friends – a patron of the tavern – lost control of the vehicle in which the decedent was riding. *Id.* The vehicle crashed, killing the decedent. *Id.* His estate and mother

---

none.

5

alleged that the tavern had violated the Dram Shop Act, and also that the tavern was liable under New York common law for wrongful death, pain and suffering, and loss of services, society, and companionship. *Id.* at 964-65. The *Conrad* court carefully examined an unbroken line of New York appellate court decisions since the 1980s holding that common law claims are not available for off-premises liability, and dismissed all the common law claims against the tavern. *Id.* at 969. Plaintiffs' common law claims here are identical to the plaintiff's claims in *Conrad*, and must be dismissed for the same reasons.

## II.   COUNT VI MUST BE DISMISSED WITH PREJUDICE BECAUSE "LOST CONSORTIUM" DAMAGES ARE NOT RECOVERABLE IN A DRAM SHOP ACTION.

In count VI, plaintiff Carlos Zelaya seeks to recover from all defendants an amount equivalent to Ruth Zelaya's "services, companionship & consortium." (Compl. at ¶ 88.) The claim on its own is a common law claim unavailable to a Dram Shop Act plaintiff for the reasons explained above. Moreover, even within the confines of the Dram Shop Act, the damages sought in count VI are unavailable as a matter of law.

A loss of consortium claim is not an independent cause of action by a person directly injured, but is a derivative claim that can be maintained only in conjunction with certain primary torts. *See Goldman v. MCL Cos. of Chicago*, 131 F. Supp. 2d 425, 427 (S.D.N.Y. 2000). Lost consortium claims traditionally may be maintained in conjunction with common law torts such as negligence. *Id.*

But when a lost consortium claim, like the one brought here by Mr. Zelaya, is derived from a statutory claim, courts examine the statute at issue to determine whether it authorizes a spouse to bring a derivative action. In *Besner v. Bucci*, 523 N.Y.S.2d 300, 300 (N.Y. App. Div. 1987), the Appellate Division held that plaintiff's loss of consortium claim should have been dismissed on the ground that the Dram Shop Act does not allow recovery for damages from lost

6

consortium. *See Conrad*, 891 F. Supp. at 970 n.3 (stating that "[d]amages for loss of consortium and its variants, i.e. maintenance, care, nurture, love, guidance, training and education, whether economic or non-economic, <u>are not recoverable under the Dram Shop Act</u>." (emphasis added) (citing *Valicenti v. Valenze*, 68 N.Y. 2d 826, 499 N.E.2d 870, 871 (1986))); *see also Moss v. Stinnes Corp.*, 169 F.3d 784, 785 (2d Cir. 1999) (per curiam) (dismissing lost consortium claim because "neither the ADEA nor the HRL [New York Human Rights Law] affords a direct cause of action to a non-employee due to discrimination against his spouse").

The *Besner* decision correctly construed the Dram Shop Act. The Act creates a cause of action on behalf of persons only to the extent they are injured in "person, property, means of support or otherwise," by an intoxicated person. *Dunphy v. J & I Sports Enterprises, Inc.*, 748 N.Y.S.2d 595, 597 (N.Y. App. Div. 2002). Thus, the recovery of damages under the Act is more circumscribed than in a common law negligence claim. *Conrad*, 891 F. Supp. at 970. Lost consortium damages are not included in those narrow categories authorized for recovery. *Conrad*, 819 F. Supp. at 970 n.3; *Dunphy*, 748 N.Y.S.2d at 597. Accordingly, count VI and any claim for recovery of services, companionship, and consortium must be dismissed with prejudice.

7

## CONCLUSION

For the reasons previously stated, MSG urges the Court to dismiss counts IV, V, and VI of the plaintiffs' complaint, and to dismiss count I or require plaintiff to replead it without any common law allegations. MSG also urges dismissal of count VI, as well as any portion of count I, insofar as they seek damages for lost services, companionship, or consortium.

Dated: June 2, 2008

Respectfully submitted,

/s/ Michael S. Sommer
Michael S. Sommer
MS-2727
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
Telephone: (212) 547-5000
Facsimile: (212) 547-5400

Bobby R. Burchfield (*pro hac vice* pending)
Richard W. Smith (*pro hac vice* pending)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Attorneys for Defendant Madison Square Garden, L.P.