IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ZELAYA, RUTH ZELAYA, BY HER GUARDIAN AD LITEM CARLOS ZELAYA, AND CARLOS ZELAYA AS ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF JOSE CARLO ZELAYA : <br><br> Plaintiffs : <br> vs. : <br><br> MADISON SQUARE GARDEN, L.P., 247 W. 37TH STREET LLC LLC I/S/H/A STITCH : BAR & LOUNGE INC., AND KEVIN FREIBOTT : <br><br> Defendants : | Civil Action <br><br> Case No. 08CV2933 <br><br> AMENDED COMPLAINT |

Plaintiffs CARLOS ZELAYA, RUTH ZELAYA and CARLOS ZELAYA, Administrator Ad Prosequendum of the Estate of JOSE CARLO ZELAYA, by and through their Attorneys Davis, Saperstein & Salomon, P.C., by way of Amended Complaint say:

## PARTIES

1. Plaintiff Carlos Zelaya is a natural person and citizen of the foreign state of Honduras.

2. Plaintiff Ruth Zelaya is a natural person and citizen of the foreign state of Honduras and spouse of Carlos Zelaya.

3. The decedent Jose Carlo Zelaya, was a natural person and citizen of the foreign state of Honduras and son of Carlos and Ruth Zelaya.

4. On or about February 13, 2008, the Surrogate Court of the State of New Jersey, appointed Carlos Zelaya administrator of the Estate of Jose Carlo Zelaya, deceased, and hereinafter shall serve as the Administrator Ad Prosequendum of the Estate of Jose Carlo Zelaya, deceased.

5. On or about March 13, 2008, the Surrogate Court of the State of New Jersey appointed Carlos Zelaya as guardian over Ruth Zelaya, and hereinafter shall serve as the Guardian ad Litem for Ruth Zelaya.

6. Defendant Madison Square Garden, L.P. (hereinafter "MSG") is a limited partnership

formed in Delaware with its principal place of business at 4 Pennsylvania Plaza, New York, New York, and is a wholly owned subsidiary of Cablevision.

7. Madison Square Garden is the owner and operator of the sports and entertainment arena commonly known as Madison Square Garden (hereinafter "The Garden") located at 7th Avenue between 31st St. & 33rd St., New York, New York.

8. Defendant 247 W. 37th Street LLC LLC i/s/h/a Stitch Bar & Lounge Inc. (hereinafter 247 W. 37th Street LLC) is a New York corporation with its principal place of business at 247 W. 37th St., New York, New York.

9. 247 W. 37th Street LLC owns and operates a food and drink establishment located at 247 W. 37th St., New York, New York commonly known at Stitch Bar & Lounge.

10. Defendant Kevin Freibott is a natural person and resident of the State of New Jersey. Mr. Freibott is in the custody of the Department of Corrections for the State of New Jersey.

## JURSIDICTION AND VENUE

11. Plaintiffs are all citizens of the foreign state of Honduras whereas defendants are deemed citizens of the States of Delaware, New York and New Jersey.

12. The matter in controversy exceeds the sum of $75,000.

13. The United States District Court thus possesses original jurisdiction over this matter by way of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(2).

14. Venue in this matter is properly laid in the United States District Court for the District of New York pursuant to 28 USC § 1391 because a substantial part of the underlying events took place in the City and State of New York.

## BACKGROUND

15. At all times relevant to this matter, MSG was licensed to, and in fact, sold alcoholic beverages to patrons of sporting and entertainment events hosted at The Garden.

16. At all times relevant to this matter, 247 W. 37th Street LLC was licensed to, and in fact, sold alcoholic beverages to patrons of Stitch Bar & Lounge.

17. On or about January 23, 2007, The Garden hosted a college basketball game between the St. John's University and the University of Pittsburgh (hereinafter the "Basketball Game") which was sanctioned by the Big East Athletic Conference and the National Collegiate Athletic Association (hereinafter the "NCAA").

18. The tip-off time of the Basketball Game was scheduled for 7:30.

19. On or about January 23, 2007, and prior to the start of the Basketball Game, Kevin Freibott patronized Stitch Bar & Lounge.

20. While patronizing Stitch Bar & Lounge, Mr. Freibott was sold and consumed multiple alcoholic beverages and became visibly intoxicated.

21. Based on reasonable information and belief, Mr. Freibott was served alcoholic beverages at Stitch Bar & Lounge Inc., after he became visibly intoxicated.

22. After patronizing Stitch Bar & Lounge, Mr. Freibott attended the Basketball Game at The Garden.

23. While attending the Basketball Game at The Garden, Mr. Freibott was sold and consumed multiple alcoholic beverages from the concessions stand at The Garden.

24. Based on reasonable information and belief, Mr. Freibott was served alcoholic beverages at The Garden well after he became visibly intoxicated.

25. Based on reasonable information and belief, on the date in question MSG had failed to

3

properly hire and properly train its servants, agents and/or employees, known or unknown, to prevent serving alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, consistent with the legal requirements promulgated by the State and City of New York, regulations set forth the by the NCAA, and MSG's own posted rules, regulations and guidelines for serving alcoholic beverages during events hosted at The Garden.

26. Based on reasonable information and belief, on the date in question MSG had failed to assure that its servants, agents and/or employees, known or unknown, were complying with the applicable legal requirements promulgated by the State and City of New York, the regulations set forth the by the NCAA, and MSG's own posted rules, regulations and guidelines for serving alcoholic beverages during events hosted at The Garden.

27. Based on reasonable information and belief, on the date in question MSG authorized, condoned & permitted its servants, agents and/or employees, known or unknown, to serve alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, at events hosted at The Garden solely for economic gain.

28. Based on reasonable information and belief, MSG has repeatedly failed to prevent visibly intoxicated patrons from operating a motor vehicle including Kevin Freibott.

29. Near the conclusion of the Basketball Game, Mr. Freibott was further permitted to exit The Garden in a visibly intoxicated state despite the foreseeable harm to the public caused by the visibly intoxicated patron's operation of said vehicle including Kevin Freibott.

30. While operating his motor vehicle on the Pulaski Skyway (U.S. Route 1 &9) in Jersey City, New Jersey after departing from The Garden, and while still visibly intoxicated, Mr. Freibott struck the rear of the motor vehicle in which Carlos Zelaya, Ruth Zelaya and Jose Carlo Zelaya were traveling as passengers.

31. Jose Carlo Zelaya was killed as result of the collision caused by Mr. Freibott.

32. Ruth Zelaya was gravely injured as result of the collision caused by Mr. Freibott and remains in a permanent vegetative state.

33. Carlos Zelaya was seriously injured as result of the collision caused by Mr. Freibott.

34. The official investigation of the collision concluded that Mr. Freibott was entirely at fault for the collision and that Mr. Freibott was operating his motor vehicle under the influence of alcohol in excess of three times the legal limit, which defines drunk driving in New York and New Jersey.

### COUNT I – MADISON SQUARE GARDEN
### VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L § 11-101
### AS TO CARLOS ZELAYA AND RUTH ZELAYA INDIVIDUALLY

35. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth fully herein.

36. On or about January 23, 2007, Kevin Freibott was attending the Basketball Game being held at The Garden.

37. While Mr. Freibott was attending the Basketball Game, in violation of the New York State Dram Shop Act, G.O.L § 11-101, MSG unlawfully sold alcoholic beverages to Mr. Freibott by serving Mr. Freibott in a visibly intoxicated state.

38. In further violation of the New York State Dram Shop Act, G.O.L § 11-101, MSG unlawfully sold alcoholic beverages to Kevin Freibott while having failed to properly hire, train and supervise its servants, agents and/or employees to in order to prevent serving alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, consistent with the legal requirements promulgated by the State and City of New York, regulations set forth the by the

NCAA, and MSG's own posted rules, regulations and guidelines for serving alcoholic beverages during events hosted at The Garden.

39. Having caused or contributed to Mr. Freibott's intoxication, MSG then permitted Mr. Freibott to exit The Garden and operate his motor vehicle while visibly intoxicated.

40. Upon exiting the Garden and operating his vehicle in a visibility intoxicated state possessing a blood alcohol level in excess of three times the legal limit, Mr. Freibott caused an auto collision on the Pulaski Skyway with another motor vehicle occupied by Carlos Zelaya, Ruth Zelaya & Jose Carlo Zelaya.

41. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos Zelaya and Ruth Zelaya, were injured in and about their minds and bodies causing serious permanent personal injuries and emotional distress.

42. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos Zelaya and Ruth Zelaya were and will in the future be caused great pain and suffering to their mind and body.

43. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos Zelaya and Ruth Zelaya were and will in the future be obliged to expend great sums of money for medical aid and attention.

44. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos Zelaya and Ruth Zelaya were and will in the future be unable to attend to their usual pursuits and occupations.

45. On or about January 27, 2007, Jose Carlo Zelaya, died as a direct and proximate result of

injuries sustained in the auto collision caused by Mr. Freibott.

46. Jose Carlo Zelaya, is survived by his parents, Carlos Zelaya and Ruth Zelaya.

47. As a direct and proximate result of the death of Jose Carlo Zelaya, Carlos and Ruth Zelaya have suffered severe and permanent injuries, damages and losses including but not limited to economic damages, pecuniary losses, lost and future wage loses, loss of support, and loss of prospective inheritance.

48. As a direct and proximate result of the death of Jose Carlo Zelaya, Carlos and Ruth Zelaya have been deprived of future aid, assistance, services, financial support.

49. As a direct and proximate result of the death of Jose Carlo Zelaya, Carlos and Ruth Zelaya have been caused to expend various sums to administer the estate Jose Carlo Zelaya and have incurred other expenses for which they are entitled to recover.

**WHEREFORE** Plaintiffs demand judgment against MSG for their economic damages, compensatory damages, punitive damages, costs, fees and such other relief pursuant to The New York State Dram Shop Act, G.O.L § 11-101.

### COUNT II – MADISON SQUARE GARDEN
### VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L § 11-101
### AS TO CARLOS ZELAYA AS ADMINISTRATOR AD PROSEQUENDUM
### OF THE ESTATE OF JOSE CARLO ZELAYA

50. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth fully herein.

51. On or about January 23, 2007, Kevin Freibott was attending the Basketball Game being held at The Garden.

52. While Mr. Freibott was attending the Basketball Game, in violation of the New York State Dram Shop Act, G.O.L § 11-101, MSG unlawfully sold alcoholic beverages to Mr. Freibott

by serving Mr. Freibott in a visibly intoxicated state.

53. In further violation of the New York State Dram Shop Act, G.O.L § 11-101, MSG unlawfully sold alcoholic beverages to Kevin Freibott while having failed to properly hire, train and supervise its servants, agents and/or employees to in order to prevent serving alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, consistent with the legal requirements promulgated by the State and City of New York, regulations set forth the by the NCAA, and MSG's own posted rules, regulations and guidelines for serving alcoholic beverages during events hosted at The Garden.

54. Having cause or contributed to Mr. Freibott's intoxication, MSG then permitting Mr. Freibott to exit The Garden and operate his motor vehicle while visibly intoxicated.

55. Upon exiting the Garden and operating his vehicle in a visibility intoxicated state possessing a blood alcohol level in excess of three times the legal limit, Mr. Freibott caused an auto collision on the Pulaski Skyway with another motor vehicle occupied by Carlos Zelaya, Ruth Zelaya & Jose Carlo Zelaya.

56. On or about January 27, 2007, Jose Carlo Zelaya, died as a direct and proximate result of injuries sustained in the auto collision caused by Mr. Freibott.

57. As a direct and proximate result of the auto collision caused by Mr. Friebott Jose Carlo Zelaya was caused to suffer conscious pain and suffering and fear of impending death, was placed in apprehension of harmful and offensive bodily contact, suffered offensive and harmful bodily contact, suffered extreme fear, anxiety, emotional and psychological distress, loss of life's pleasures, loss of earnings and earning capacity, and was otherwise mentally and physically harmed.

58. Carlos Zelaya brings this claim on behalf of the decedent for the damages suffered by Jose Carlo Zelaya.

**WHEREFORE** Plaintiffs demand judgment against MSG for economic damages, compensatory damages, and punitive damages, costs, fees and such other relief as the The New York State Dram Shop Act, G.O.L § 11-101 may allow.

### COUNT III – 247 W. 37TH STREET LLC LLC
### VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L § 11-101
### AS TO CARLOS ZELAYA AND RUTH ZELAYA INDIVIDUALLY

59. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth fully herein.

60. On or about January 23, 2007, Kevin Freibott patronized Stitch Bar & Lounge prior to attending the Basketball Game at the Garden.

61. While patronizing Stitch Bar & Lounge, in violation of the New York State Dram Shop Act, G.O.L § 11-101, 247 W. 37th Street LLC unlawfully sold alcoholic beverages to Mr. Freibott by serving Mr. Freibott in a visibly intoxicated state.

62. In further violation of the New York State Dram Shop Act, G.O.L § 11-101, 247 W. 37th Street LLC unlawfully sold alcoholic beverages to Kevin Freibott while having failed to properly hire, train and supervise its servants, agents and/or employees to in order to prevent serving alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, consistent with the legal requirements promulgated by the State and City of New York and its own posted rules, regulations and guidelines for serving alcoholic beverages.

63. Having caused or contributed to Mr. Freibott's intoxication, 247 W. 37th Street LLC then permitted Mr. Freibott to exit Stitch Bar & Lounge and operate his motor vehicle while visibly intoxicated.

64. Upon departing from Stitch Bar & Lounge and operating his vehicle in a visibility intoxicated state possessing a blood alcohol level in excess of three times the legal limit, Mr. Freibott caused an auto collision on the Pulaski Skyway with another motor vehicle occupied by Carlos Zelaya, Ruth Zelaya & Jose Carlo Zelaya.

65. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos Zelaya and Ruth Zelaya, were injured in and about their minds and bodies causing serious permanent personal injuries and emotional distress.

66. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos Zelaya and Ruth Zelaya were and will in the future be caused great pain and suffering to their mind and body.

67. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos Zelaya and Ruth Zelaya were and will in the future be obliged to expend great sums of money for medical aid and attention.

68. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos Zelaya and Ruth Zelaya were and will in the future be unable to attend to their usual pursuits and occupations.

69. On or about January 27, 2007, Jose Carlo Zelaya, died as a direct and proximate result of injuries sustained in the auto collision caused by Mr. Freibott.

70. Jose Carlo Zelaya, is survived by his parents, Carlos Zelaya and Ruth Zelaya.

71. As a direct and proximate result of the death of Jose Carlo Zelaya, Carlos and Ruth Zelaya have suffered severe and permanent injuries, damages and losses including but not limited

to economic damages, pecuniary losses, lost and future wage loses, loss of support, and loss of prospective inheritance.

72. As a direct and proximate result of the death of Jose Carlo Zelaya, Carlos and Ruth Zelaya have been deprived of future aid, assistance, services, financial support.

73. As a direct and proximate result of the death of Jose Carlo Zelaya, Carlos and Ruth Zelaya have been caused to expend various sums to administer the estate Jose Carlo Zelaya and have incurred other expenses for which they are entitled to recover.

**WHEREFORE** Plaintiffs demand judgment against 247 W. 37th Street LLC for their economic damages, compensatory damages, punitive damages, costs, fees and such other relief pursuant to The New York State Dram Shop Act, G.O.L § 11-101.

### COUNT IV – 247 W. 37th STREET LLC
### VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L § 11-101
### AS TO CARLOS ZELAYA AS ADMINISTRATOR AD PROSEQUENDUM
### OF THE ESTATE OF JOSE CARLO ZELAYA

74. Plaintiffs repeat and reallege the foregoing paragraphs as if set forth fully herein.

75. On or about January 23, 2007, Kevin Freibott patronized Stitch Bar & Lounge prior to attending the Basketball Game at the Garden.

76. While patronizing Stitch Bar & Lounge, in violation of the New York State Dram Shop Act, G.O.L § 11-101, 247 W. 37th Street LLC unlawfully sold alcoholic beverages to Mr. Freibott by serving Mr. Freibott in a visibly intoxicated state.

77. In further violation of the New York State Dram Shop Act, G.O.L § 11-101, 247 W. 37th Street LLC unlawfully sold alcoholic beverages to Kevin Freibott while having failed to properly hire, train and supervise its servants, agents and/or employees to in order to prevent serving alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, consistent with the

legal requirements promulgated by the State and City of New York and its own posted rules, regulations and guidelines for serving alcoholic beverages.

78. Having caused or contributed to Mr. Freibott's intoxication, 247 W. 37th Street LLC then permitted Mr. Freibott to exit Stitch Bar & Lounge and operate his motor vehicle while visibly intoxicated.

79. Upon departing from Stitch Bar & Lounge and operating his vehicle in a visibility intoxicated state possessing a blood alcohol level in excess of three times the legal limit, Mr. Freibott caused an auto collision on the Pulaski Skyway with another motor vehicle occupied by Carlos Zelaya, Ruth Zelaya & Jose Carlo Zelaya.

80. On or about January 27, 2007, Jose Carlo Zelaya, died as a direct and proximate result of injuries sustained in the auto collision caused by Mr. Freibott.

81. As a direct and proximate result of the auto collision caused by Mr. Friebott, Jose Carlo Zelaya was caused to suffer conscious pain and suffering and fear of impending death, was placed in apprehension of harmful and offensive bodily contact, suffered offensive and harmful bodily contact, suffered extreme fear, anxiety, emotional and psychological distress, loss of life's pleasures, loss of earnings and earning capacity, and was otherwise mentally and physically harmed.

82. Carlos Zelaya brings this claim on behalf of the decedent for the damages suffered by Jose Carlo Zelaya.

**WHEREFORE** Plaintiffs demand judgment against 247 W. 37th Street LLC for economic damages, compensatory damages, and punitive damages, costs, fees and such other relief as the The New York State Dram Shop Act, G.O.L § 11-101 may allow.

## COUNT V – KEVIN FREIBOTT
## NEGLIGENCE
## AS TO RUTH ZELAYA

83. Plaintiff repeat and reallege the foregoing paragraphs as if set forth fully herein.

84. Kevin Freibott was the owner and operator of the motor vehicle registered and licensed in the State of New Jersey bearing the license plate No. NRX-63X.

85. Mr. Freibott as the operator of a motor vehicle has a legal duty to operate the vehicle in a reasonably safe manner.

86. Mr. Freibott as the operator of a motor vehicle further has a legal duty to operate the vehicle free of the influence of any drugs or alcohol.

87. On or about January 23, 2007, Mr. Freibott was operating his motor vehicle while visibly intoxicated with a blood alcohol level in excess of three times the legal limit.

88. While operating his motor vehicle in this condition under the influence of alcohol on the Pulaski Skyway, Mr. Freibott recklessly and/or negligently struck the rear of the motor vehicle in which Carlos Zelaya, Ruth Zelaya and Jose Carlo Zelaya were traveling as passengers.

89. As a direct and proximate result of Mr. Freibott's negligence, Ruth Zelaya was injured in the auto collision caused by Mr. Freibott on the Pulaski Skyway while he was operating his motor vehicle with a blood alcohol level in excess of three times the legal limit.

90. As a direct and proximate result of Mr. Freibott's negligence, Ruth Zelaya was injured in and about her mind and body causing serious permanent personal injuries and emotional distress.

91. Ruth Zelaya was and will in the future be caused great pain and suffering to her mind and body.

92. Ruth Zelaya was and will in the future be obliged to expend great sums of money for medical aid and attention.

93. Ruth Zelaya was and will in the future be unable to attend to her usual pursuits and occupations.

**WHEREFORE** Plaintiff Ruth Zelaya demands judgment against Defendant Kevin Freibott for their economic damages, compensatory damages, punitive damages, costs, fees and such other relief as the law may allow.

Dated:   New York, New York
         August 5, 2008

By: _____
Samuel L. Davis (SD1766)
DAVIS SAPERSTEIN & SALOMON, P.C.
110 E. 55th Street, 12th Floor
New York, NY 10022
Attorneys for Plaintiffs

14