UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| CARLOS ZELAYA, RUTH ZELAYA By her Guardian Ad Litem Carlos Zelaya, And CARLOS ZELAYA, as the Administrator Ad Prosequendum of the Estate of JOSE CARLO ZELAYA, deceased, | Case No.: 08 CV 2933 (LMM) JURY TRIAL DEMANDED |
| Plaintiff, | |
| -against- | **ANSWER TO** <u>**AMENDED COMPLAINT**</u> |
| MADISON SQUARE GARDEN, L.P., 247 W. 37TH STREET LLC I/S/H/A STITCH BAR & LOUNGE, INC. and KEVIN FREIBOTT, | |
| Defendants. | |

----------------------------------------------------------X

Defendant, 247 West 37th Street, LLC. i/s/h/a Stitch Bar & Lounge, Inc. by its attorneys, ABRAMS, GORELICK, FRIEDMAN & JACOBSON, P.C., as and for its Answer to plaintiff's Amended Complaint alleges, upon information and belief, as follows:

<u>PARTIES</u>

1. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "1" of the Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "2" of the Amended Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "3" of the Amended Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "4" of the Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "5" of the Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "6" of the Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "7" of the Amended Complaint.

8. Admits the allegation contained in paragraph "8" of the Amended Complaint.

9. Admits the allegation contained in paragraph "9" of the Amended Complaint

10. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "10" of the Amended Complaint.

## JURISDICTION AND VENUE

11. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "11" of the Amended Complaint.

12. Denies each and every allegation set forth in paragraph "12" of the Amended Complaint.

13. Denies each and every allegation set forth in paragraph "13" of the Amended Complaint and refers all questions of law to the Court.

14. Denies each and every allegation set forth in paragraph "14" of the Amended Complaint and refers all questions of law to the Court.

## BACKGROUND

15. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "15" of the Amended Complaint.

16. Admits the allegation contained in paragraph "16" of the Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "17" of the Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "18" of the Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "19" of the Amended Complaint.

20. Denies each and every allegation set forth in paragraph "20" of the Amended Complaint.

21. Denies each and every allegation set forth in paragraph "21" of the Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "22" of the Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "23" of the Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "24" of the Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "25" of the Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "26" of the Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "27" of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "28" of the Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "29" of the Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "30" of the Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "31" of the Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "32" of the Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "33" of the Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "34" of the Amended Complaint and refers all questions of law to the Court.

AS AND FOR AN ANSWER TO COUNT I
VIOLATION OF THE NEW YORK DRAM SHOP ACT G.O.L § 11-101
<u>AS TO CARLOS ZELAYA AND RUTH ZELAYA INDIVIDUALLY</u>

35. Repeats, reiterates and realleges each and every response to paragraphs "1" through "34", inclusive, of the Amended Complaint in answer to paragraph "35" of the Amended Complaint, with the same force and effect as if fully set forth herein.

36. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "36" of the Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "37" of the Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "38" of the Amended Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "39" of the Amended Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "40" of the Amended Complaint and refers all questions of law to the Court.

41. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "41" of the Amended Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "42" of the Amended Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "43" of the Amended Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "44" of the Amended Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "45" of the Amended Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "46" of the Amended Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "47" of the Amended Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "48" of the Amended Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "49" of the Amended Complaint.

## AS AND FOR AN ANSWER TO COUNT II - MSG VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L. § 11-101 AS TO CARLOS ZELAYA AS ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF JOSE CARL ZELAYA

50. Repeats, reiterates and realleges each and every response to paragraphs "1" through "49", inclusive, of the Amended Complaint in answer to paragraph "50" of the Amended Complaint, with the same force and effect as if fully set forth herein.

51. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "51" of the Amended Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "52" of the Amended Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "53" of the Amended Complaint.

54. Denies knowledge or information sufficient to form a belief as to he truth of each and every allegation set forth in paragraph "54" of the Amended Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "55" of the Amended Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "56" of the Amended Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "57" of the Amended Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "58" of the Amended Complaint.

AS AND FOR AN ANSWER TO COUNT III – 247 W. 37TH STREET, LLC.
VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L. § 11-101
<u>AS TO CARLOS ZELAYA AND RUTH ZELAYA INDIVIDUALLY</u>

59. Repeats, reiterates and realleges each and every response to paragraphs "1" through "58", inclusive, of the Amended Complaint in answer to

paragraph "59" of the Amended Complaint, with the same force and effect as if fully set forth herein.

   60. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "60" of the Amended Complaint.

   61. Denies each and every allegation set forth in paragraph "61" of the Amended Complaint.

   62. Denies each and every allegation set forth in paragraph "62" of the Amended Complaint.

   63. Denies each and every allegation set forth in paragraph "63" of the Amended Complaint.

   64. Denies each and every allegation set forth in paragraph "64" of the Amended Complaint.

   65. Denies each and every allegation set forth in paragraph "65" of the Amended Complaint.

   66. Denies each and every allegation set forth in paragraph "66" of the Amended Complaint.

   67. Denies each and every allegation set forth in paragraph "67" of the Amended Complaint.

   68. Denies each and every allegation set forth in paragraph "68" of the Amended Complaint.

   69. Denies each and every allegation set forth in paragraph "69" of the Amended Complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "70" of the Amended Complaint.

71. Denies each and every allegation set forth in paragraph "71" of the Amended Complaint.

72. Denies each and every allegation set forth in paragraph "72" of the Amended Complaint.

73. Denies each and every allegation set forth in paragraph "73" of the Amended Complaint.

**AS AND FOR AN ANSWER TO COUNT IV – 247 W. 37TH STREET, LLC.
VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L. § 11-101
AS TO CARLOS ZELAYA AS ADMINISTRATOR AD PROSEQUENDUM OF THE
ESTATE OF JOSE CARLO ZELAYA**

74. Repeats, reiterates and realleges each and every response to paragraphs "1" through "73", inclusive, of the Amended Complaint in answer to paragraph "74" of the Amended Complaint, with the same force and effect as if fully set forth herein.

75. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "75" of the Amended Complaint.

76. Denies each and every allegation set forth in paragraph "76" of the Amended Complaint.

77. Denies each and every allegation set forth in paragraph "77" of the Amended Complaint.

78. Denies each and every allegation set forth in paragraph "78" of the Amended Complaint.

79. Denies each and every allegation set forth in paragraph "79" of the Amended Complaint.

80. Denies each and every allegation set forth in paragraph "80" of the Amended Complaint.

81. Denies each and every allegation set forth in paragraph "81" of the Amended Complaint.

82. Denies each and every allegation set forth in paragraph "82" of the Amended Complaint.

## AS AND FOR AN ANSWER TO COUNT V – KEVIN FREIBOTT NEGLIGENCE AS TO RUTH ZELAYA

83. Repeats, reiterates and realleges each and every response to paragraphs "1" through "82", inclusive, of the Amended Complaint in answer to paragraph "83" of the Amended Complaint, with the same force and effect as if fully set forth herein.

84. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "84" of the Amended Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "85" of the Amended Complaint.

86. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "86" of the Amended Complaint and refers all questions of law to the Court.

87. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "87" of the Amended Complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "88" of the Amended Complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "89" of the Amended Complaint.

90. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "90" of the Amended Complaint.

91. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "91" of the Amended Complaint.

92. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "92" of the Amended Complaint.

93. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "93" of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

94. The Amended Complaint fails to set forth a cause of action against this answering defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

95. Plaintiffs' claims are barred by the applicable Statutes of Limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

96. This Honorable Court lacks subject matter jurisdiction over the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

97. In the event plaintiffs have sustained any damages as a result of the conduct of this answering defendant, which is expressly denied, plaintiffs' claims are barred by their failure to mitigate any such damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

98. Plaintiffs have failed to join necessary and/or indispensable parties to the action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

99. If the plaintiffs sustained injuries and/or damages, at the time and/or place and/or in the manner alleged in their Amended Complaint (which is expressly denied), said injuries and/or damages were, in whole or in part, the result of the

culpable conduct of plaintiffs' decedent and their own, including, but not limited to, negligence, carelessness, recklessness and/or assumption of risk.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

100.   The injuries and/or damages alleged herein were caused, in whole or in part, by the negligence and/or other fault of others, whether parties to this lawsuit or not.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

101.   Recovery herein is barred in that the injuries and/or damages alleged were the result of independent, intervening and superceding causes.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

102.   The negligence of the plaintiffs' decedent proximately contributed to plaintiffs' damages, if any, as plaintiffs' decedent failed to exercise ordinary care for their own safety at the time(s) it is claimed plaintiffs were injured.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

103.   No act or omission on the part of this answering defendant either caused or contributed to the injuries or damages, if any, that plaintiffs allege.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

104.   That the injuries and/or damages and the risks incident to the incident and/or situation mentioned in the Amended Complaint were open, obvious and apparent, and were known and assumed by the plaintiffs and plaintiffs' decedent and his claims and those of plaintiffs are barred by virtue of her assumption of the risks thereof.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

105.　In the event plaintiffs recover a verdict or judgment against this answering defendant, then said verdict or judgment must be reduced pursuant to CPLR § 4545 by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit program.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

106.　Pursuant to the limited liability provisions of § 1601 of the Civil Practice Law and Rules, defendants' liability, if any, shall be limited to their respective equitable share of the total liability.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

107.　If the plaintiffs were damaged as alleged in their Amended Complaint, which damages are expressly denied, then such damages were the result, in whole or in part, of the conduct of the plaintiffs and/or others over whom this answering defendant exercised no influence or control and to the extent that this answering defendant may be liable to the plaintiffs, such liability should be in proportion to the percentage that defendant's conduct relates to the conduct of the plaintiffs and/or others in causing the damage, and apportioned pursuant to Articles 14 and 16 of the CPLR.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

108.　That the plaintiff was not wearing appropriate safety equipment and failed to make use of his vehicle's restraint system, including, but not limited to, seat belt, lap belt and/or harness devices, at the time of the occurrence complained of, and said

failure caused or contributed to the causation of the incident complained of and/or any resultant injuries and/or damages, both of which were caused and/or aggravated thereby.

AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS,<br>MADISON SQUARE GARDENS, L.P., CABLEVISION SYSTEMS CORPORATION<br>and KEVIN FREIBOTT

109.   That if plaintiffs were caused to sustain injuries and/or damages at the time and place and in the manner set forth in the plaintiffs' Amended Complaint through any carelessness, recklessness, negligence, acts, omissions, and/or breaches of duty and/or warranty and/or contract and/or statue, other than the plaintiffs' own negligence, carelessness, recklessness, or other culpable conduct, said damages were sustained by reason of the carelessness, recklessness, negligence and/or affirmative acts of omission and commission including, but not limited to, breach of contract, and/or warranty and/or statute by the co-defendants, their agents, servants and/or employees, without any negligence or other culpable conduct on the part of this answering defendant contributing thereto.

110.   That by reason of the foregoing, this answering defendant will not be liable to the plaintiffs or the co-defendants in the event and in the amount of recovery herein by the plaintiffs, and this answering defendant is entitled to indemnification from the co-defendants.

AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS,<br>MADISON SQUARE GARDENS, L.P., CABLEVISION SYSTEMS CORPORATION<br>and KEVIN FREIBOTT

111.   That if the plaintiffs sustained the damages in a matter alleged in plaintiffs' Amended Complaint, all of which have been specifically denied by these answering defendants, then such damages were caused or contributed to by the

negligence and carelessness of the co-defendants and in the event any judgment is recovered herein against the answering defendants, the co-defendants are obliged to reimburse this answering defendant for such portion of the judgment in whole or in part in which proportion is attributable to the conduct of the co-defendants.

WHEREFORE, the answering defendant, demands judgment dismissing the Amended Complaint as to them, together with the costs and disbursements of this action, or, in the alternative, demand that the ultimate rights of plaintiffs, answering defendant, and co-defendants be determined in this action with regard to all claims and cross-claims and that this answering defendant has judgment over and against the plaintiffs and the co-defendants, each of them, in the proportion that each of their culpable conduct bears to the entire culpable conduct involved in the occurrence, and that this answering defendant has judgment over and against and indemnity from the plaintiffs and the co-defendants, together with the costs and disbursements of this action.

Dated: New York, New York
　　　　August 7, 2008

> Respectfully submitted,
>
> ABRAMS, GORELICK, FRIEDMAN & JACOBSON, P.C.
> Attorneys for Defendant
> 247 West 37th Street, LLC. i/s/a Stitch Bar & Lounge, Inc.
>
> By:_____
> 　　　Glenn A. Jacobson (GAJ-7170)
> One Battery Park Plaza, 4th Floor
> New York, New York  10004
> (212) 422-1200

TO    Samuel L. Davis, Esq.
DAVIS, SAPERSTEIN & SOLOMON, P.C.
*Attorneys for Plaintiffs*
110 East 55th Street, 12th Floor
New York, New York 10022
(201) 907-5000

Robert R. Burchfield, Esq.
McDERMOTT WILL & EMERY, LLP
*Attorneys for Madison Square Garden, L.P.*
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8247

Diane DeVita, Esq.
MORRIS, DUFFY, ALONSO & FALEY
*Attorneys for Kevin Freibott*
2 Rector Street, 22nd Floor
New York, New York 10006
(212) 766-1888