IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ZELAYA, ET AL.,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>MADISON SQUARE GARDEN, L.P., ET AL.,<br><br>                    Defendants. | Civil Action<br><br>Case No. 08CV2933 (LMM)<br><br>ANSWER AND CROSS-CLAIMS OF DEFENDANT MADISON SQUARE GARDEN, L.P.<br><br>JURY TRIAL DEMANDED |

Defendant Madison Square Garden, L.P. ("MSG"), hereby answers Plaintiffs' Amended Complaint as follows:

1.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 1 of the Amended Complaint and therefore denies all allegations.

2.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 2 of the Amended Complaint and therefore denies all allegations.

3.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 3 of the Amended Complaint and therefore denies all allegations.

4.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 4 of the Amended Complaint and therefore denies all allegations.

5.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 5 of the Amended Complaint and therefore denies all allegations.

6.     MSG admits that it is a limited partnership organized under the laws of the state of Delaware with its principal place of business at 4 Pennsylvania Plaza, New York, New York; admits that it is an indirect wholly owned subsidiary of Cablevision Systems Corporation; and denies all remaining allegations.

- 1 -

7.    MSG admits that it is the owner and operator of the sports and entertainment arena commonly known as "Madison Square Garden" located at 7th Avenue between 31st Street and 33rd Street, New York, New York.

8.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 8 of the Amended Complaint and therefore denies all allegations.

9.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 9 of the Amended Complaint and therefore denies all allegations.

10.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 10 of the Amended Complaint and therefore denies all allegations.

## JURISDICTION AND VENUE

11.    Paragraph 11 of the Amended Complaint states a legal conclusion for which no response is required, but if a response were required, MSG admits that it is properly deemed a citizen both of Delaware and New York, but lacks knowledge or information sufficient to form a belief regarding any remaining factual allegations in paragraph 11 of the Amended Complaint and therefore denies any remaining factual allegations.

12.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 12 of the Amended Complaint and therefore denies all allegations.

13.    Paragraph 13 of the Amended Complaint states a legal conclusion for which no response is required, but if a response were required, MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 13 of the Amended Complaint and therefore denies all allegations.

14.    Paragraph 14 of the Amended Complaint states a legal conclusion for which no responses is required, but if a response were required, MSG lacks knowledge or information

sufficient to form a belief regarding the allegations in paragraph 14 of the Amended Complaint and therefore denies all allegations.

## **BACKGROUND**

15.    MSG admits that it is licensed to sell, and in fact, has sold alcoholic beverages to patrons of sporting and entertainment events held at Madison Square Garden, including on January 23, 2007, but denies all remaining allegations of paragraph 15 of the Amended Complaint.

16.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 16 of the Amended Complaint and therefore denies all allegations.

17.    MSG admits that MSG granted to St. John's University a license to use areas in the Madison Square Garden Sports and Entertainment Complex for the purpose of presenting St. John's University men's basketball games, including a game on January 23, 2007, against the University of Notre Dame, but denies all remaining allegations of paragraph 17 of the Amended Complaint.

18.    MSG admits that the tip-off time of the basketball game between St. John's University and the University of Notre Dame was scheduled for at or around 7:30 p.m. and denies all remaining allegations of paragraph 18 of the Amended Complaint.

19.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 19 of the Amended Complaint and therefore denies all allegations.

20.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 20 of the Amended Complaint and therefore denies all allegations.

21.    MSG lacks knowledge or information sufficient to form a belief regarding the

allegations contained in paragraph 21 of the Amended Complaint and therefore denies all allegations.

22.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 22 of the Amended Complaint and therefore denies all allegations.

23.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 23 of the Amended Complaint and therefore denies all allegations.

24.    MSG denies all allegations contained in paragraph 24 of the Amended Complaint.

25.    MSG denies all allegations contained in paragraph 25 of the Amended Complaint.

26.    MSG denies all allegations contained in paragraph 26 of the Amended Complaint.

27.    MSG denies all allegations contained in paragraph 27 of the Amended Complaint.

28.    MSG denies all allegations contained in paragraph 28 of the Amended Complaint.

29.    MSG denies all allegations contained in paragraph 29 of the Amended Complaint.

30.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 30 of the Amended Complaint and therefore denies all allegations.

31.    MSG lacks knowledge or information sufficient to form a belief regarding the

allegations contained in paragraph 31 of the Amended Complaint and therefore denies all allegations.

32.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 32 of the Amended Complaint and therefore denies all allegations.

33.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 33 of the Amended Complaint and therefore denies all allegations.

34.     Paragraph 34 of the Amended Complaint states a legal conclusion for which no response is required, but if a response were required, MSG lacks knowledge or information sufficient to form a belief regarding the factual allegations contained in paragraph 34 of the Amended Complaint and therefore denies all allegations.

## COUNT I — MADISON SQUARE GARDEN
## VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L § 11-101
## AS TO CARLOS ZELAYA AND RUTH ZELAYA INDIVIDUALLY

35.     MSG incorporates by reference its answers to paragraphs 1-34 in the Amended Complaint.

36.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 36 of the Amended Complaint and therefore denies all allegations.

37.     MSG denies all allegations contained in paragraph 37 of the Amended Complaint.

38.     MSG denies all allegations contained in paragraph 38 of the Amended Complaint.

39.     MSG denies all allegations contained in paragraph 39 of the Amended

Complaint.

40.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 40 of the Amended Complaint and therefore denies all allegations.

41.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 41 of the Amended Complaint and therefore denies all allegations.

42.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 42 of the Amended Complaint and therefore denies all allegations.

43.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 43 of the Amended Complaint and therefore denies all allegations.

44.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 44 of the Amended Complaint and therefore denies all allegations.

45.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 45 of the Amended Complaint and therefore denies all allegations.

46.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 46 of the Amended Complaint and therefore denies all allegations.

47.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 47 of the Amended Complaint and therefore denies all allegations.

48.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 48 of the Amended Complaint and therefore denies all allegations.

49.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 49 of the Amended Complaint and therefore denies all allegations.

AD DAMNUM:  MSG denies the Plaintiffs are entitled to any relief demanded from MSG.

## COUNT II — MADISON SQUARE GARDEN
## VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L § 11-101
## AS TO CARLOS ZELAYA AS ADMINISTRATOR AD PROSEQUENDUM
## OF THE ESTATE OF JOSE CARLO ZELAYA

50.    MSG incorporates by reference its answers to paragraphs 1-49 of the Amended Complaint.

51.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 51 of the Amended Complaint and therefore denies all allegations.

52.    MSG denies all allegations contained in paragraph 52 of the Amended Complaint.

53.    MSG denies all allegations contained in paragraph 53 of the Amended Complaint.

54.    MSG denies all allegations contained in paragraph 54 of the Amended Complaint.

55.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 55 of the Amended Complaint and therefore denies all allegations.

56.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 56 of the Amended Complaint and therefore denies all

allegations.

57.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 57 of the Amended Complaint and therefore denies all allegations.

58.    Paragraph 58 of the Amended Complaint states a legal conclusion for which no response is required, but if a response were required, MSG denies that it is liable for any damage suffered by Jose Carlo Zelaya, and denies any remaining factual allegations.

AD DAMNUM:  MSG denies the Plaintiffs are entitled to any of the relief demanded from MSG.

**COUNT III — 247 W. 37TH STREET LLC LLC**
**VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L § 11-101**
**AS TO CARLOS ZELAYA AND RUTH ZELAYA INDIVIDUALLY**

59.    MSG incorporates by reference its answers to paragraphs 1-58 in the Amended Complaint.

60.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 60 of the Amended Complaint and therefore denies all allegations.

61.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 61 of the Amended Complaint and therefore denies all allegations.

62.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 62 of the Amended Complaint and therefore denies all allegations.

63.    MSG lacks knowledge or information sufficient to form a belief regarding the

allegations contained in paragraph 63 of the Amended Complaint and therefore denies all allegations.

64.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 64 of the Amended Complaint and therefore denies all allegations.

65.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 65 of the Amended Complaint and therefore denies all allegations.

66.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 66 of the Amended Complaint and therefore denies all allegations.

67.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 67 of the Amended Complaint and therefore denies all allegations.

68.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 68 of the Amended Complaint and therefore denies all allegations.

69.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 69 of the Amended Complaint and therefore denies all allegations.

70.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 70 of the Amended Complaint and therefore denies all allegations.

71.    MSG lacks knowledge or information sufficient to form a belief regarding the

allegations contained in paragraph 71 of the Amended Complaint and therefore denies all allegations.

72.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 72 of the Amended Complaint and therefore denies all allegations.

73.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 73 of the Amended Complaint and therefore denies all allegations.

AD DAMNUM:  MSG lacks knowledge or information sufficient to form a belief regarding what, if any, relief Plaintiffs are entitled to from 247 W. 37th Street LLC, but denies that Plaintiffs are entitled to any relief from MSG.

**COUNT IV — 247 W. 37th STREET LLC**
**VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L § 11-101**
**AS TO CARLOS ZELAYA AS ADMINISTRATOR AD PROSEQUENDUM**
**OF THE ESTATE OF JOSE CARLO ZELAYA**

74.     MSG incorporates by reference its answers to paragraphs 1-73 of the Amended Complaint.

75.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 75 of the Amended Complaint and therefore denies all allegations.

76.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 76 of the Amended Complaint and therefore denies all allegations.

77.     MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 77 of the Amended Complaint and therefore denies all allegations.

78.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 78 of the Amended Complaint and therefore denies all allegations.

79.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 79 of the Amended Complaint and therefore denies all allegations.

80.    MSG lacks knowledge or information sufficient to form a belief regarding the remaining allegations contained in paragraph 80 of the Amended Complaint and therefore denies all allegations.

81.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 81 of the Amended Complaint and therefore denies all allegations.

82.    Paragraph 82 states a legal conclusion for which no response is required, but if a response were required, MSG denies that it is liable for any damage suffered by Jose Carlo Zelaya, and denies all remaining factual allegations.

AD DAMNUM:  MSG lacks knowledge or information sufficient to form a belief regarding what, if any, relief Plaintiffs are entitled to from 247 W. 37 th Street LLC, but denies that Plaintiffs are entitled to any relief from MSG.

**COUNT V – KEVIN FREIBOTT**
**NEGLIGENCE**
**AS TO RUTH ZELAYA**

83.    MSG incorporates by reference herein its answers to paragraphs 1-82 of the Amended Complaint.

84.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 84 of the Amended Complaint and therefore denies all

allegations.

85.    Paragraph 85 of the Amended Complaint states a legal conclusion for which no response is required, but if a response were required, MSG lacks knowledge or information sufficient to form a belief regarding the factual allegations contained in paragraph 85 of the Amended Complaint and therefore denies all allegations.

86.    Paragraph 86 of the Amended Complaint states a legal conclusion for which no response is required, but if a response were required, MSG lacks knowledge or information sufficient to form a belief regarding the factual allegations contained in paragraph 86 of the Amended Complaint and therefore denies all allegations.

87.    Paragraph 87 of the Amended Complaint states a legal conclusion for which no response is required, but if a response were required, MSG lacks knowledge or information sufficient to form a belief regarding the factual allegations contained in paragraph 87 of the Amended Complaint and therefore denies all allegations.

88.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 88 of the Amended Complaint and therefore denies all allegations.

89.    Paragraph 89 of the Amended Complaint states a legal conclusion for which no response is required, but if a response were required, MSG lacks knowledge or information sufficient to form a belief regarding the factual allegations contained in paragraph 89 of the Amended Complaint and therefore denies all allegations.

90.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 90 of the Amended Complaint and therefore denies all allegations.

91.    MSG lacks knowledge or information sufficient to form a belief regarding the

allegations contained in paragraph 91 of the Amended Complaint and therefore denies all allegations.

92.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 92 of the Amended Complaint and therefore denies all allegations.

93.    MSG lacks knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 93 of the Amended Complaint and therefore denies all allegations.

AD DAMNUM:  MSG lacks knowledge or information sufficient to form a belief regarding what, if any, relief Plaintiffs are entitled to from Kevin Freibott, but denies that Plaintiffs are entitled to any relief from MSG.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to each and every cause of action averred by Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statute of limitations and the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' injuries, in whole, or in part, were the result of the negligence of third parties over whom MSG had no control.

## FOURTH AFFIRMATIVE DEFENSE

The negligent acts or omissions of individuals or entities other than MSG constituted

intervening, superseding acts of negligence.

### FIFTH AFFIRMATIVE DEFENSE

MSG's conduct was not a substantial factor in causing Plaintiffs' damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against MSG are mitigated by Plaintiffs' own comparative negligence.

### SEVENTH AFFIRMATIVE DEFENSE

The negligence of Plaintiffs contributed to Plaintiffs' and/or the Decedent's damages, if any, as Plaintiffs failed to exercise ordinary care for their own and the Decedent's safety at the time the alleged injuries occurred.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary and/or indispensable parties to this action.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to use appropriate restraint systems, including but not limited to, infant car seats, seat belts, lap belts, and/or harness devices, at the time of the occurrence of the alleged injuries, and this failure caused or contributed to the claimed injuries or damages alleged by Plaintiffs and the Decedent.

### TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs or the Decedent has suffered damage, Plaintiffs failed to mitigate such damages.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs or the Decedent has suffered damage, such damages were the result of Plaintiffs' own negligence, carelessness, recklessness, and/or assumption of the risk.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs receive an award, then the economic loss element encompassed in such award must be reduced by the portion that was or will be replaced from a collateral source.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs receive an award, such award must be reduced to each Defendant's individual equitable share.

## FOURTEENTH AFFIRMATIVE DEFENSE

MSG adopts and incorporates by reference any affirmative defenses asserted by any other Defendant to this action, to the extent such affirmative defenses apply to MSG, and reserves the right to assert any other defense that may become available or appear during discovery proceedings or otherwise in this case.

## CROSS-CLAIMS AGAINST CO-DEFENDANTS, 247 WEST 37TH STREET, LLC. AND KEVIN FREIBOTT

If Plaintiffs sustained the damages in the time and place and in the manner alleged in Plaintiffs' Amended Complaint, all of which have been specifically denied by this Defendant, then such damages were caused or contributed to by the negligence and carelessness of the co-Defendants; and in the event any judgment is recovered herein against the answering Defendants, then the co-Defendants are obliged to reimburse MSG for such portion of the judgment that is attributable to the conduct of the co-Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Defendant MSG requests that the Court dismiss this action with prejudice, award MSG costs and attorneys' fees, and grant such further relief in favor of Defendant MSG as it deems proper.

- 15 -

ALTERNATIVELY, Defendant MSG requests that the Court determine the rights of

Plaintiffs and Defendants with regard to all claims and cross-claims and that Defendant MSG be

awarded judgment over the co-Defendants for contribution in the proportion of their culpable

conduct, together with the costs of this litigation.

Respectfully Submitted,

Michael Sommer (MS – 2727)
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
212.547.5444

Bobby R. Burchfield (pro hac vice)
Richard W. Smith (pro hac vice)
MCDERMOTT WILL & EMERY LLP
600 13th St, NW
Washington, DC 20005
202.756.8000

Dated:  August 21, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August 2008, I caused a true copy of the

foregoing Answer and Cross-Claims of Defendant Madison Square Garden, L.P., to be served

via U.S. Mail, postage prepaid on the following persons:

> Glenn Jacobson, Esq.
> Abrams, Gorelick, Friedman & Jacobson
> One Battery Park Plaza, 4th Floor
> New York, NY 10004
> *Attorneys for 247 W. 37th Street, LLC i/s/h/a Stitch Bar & Lounge Inc.*
>
> Diana DeVita, Esq.
> Morris, Duffy, Alonso & Faley
> 2 Rector Street, 22nd Floor
> New York, NY 10006
> *Attorneys for Kevin Freibott & Progressive Insurance*
>
> Samuel L. Davis, Esq.
> Davis, Saperstein & Salomon, P.C.
> 375 Cedar Lane
> Teaneck, NJ 07666
> *Attorney for Plaintiffs Carlos Zelaya, et al.*

Nathanael Kelley