UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
CARLOS ZELAYA, RUTH ZELAYA by her
Guardian Ad Litem Carlos Zelaya
and CARLOS ZELAYA, as the Admin-
istrator Ad Prosequendum of
the Estate of JOSE CARLOS ZELAYA,          **ANSWER TO AMENDED**
deceased,                                  **COMPLAINT WITH**
                                           **CROSS CLAIMS**
                         Plaintiffs,       08 CV 2933

      -against-                            JUDGE McKENNA

MADISON SQUARE GARDEN, L.P.
CABLEVISION SYSTEMS CORPORATION,
STITCH BAR & LOUNGE INC., and KEVIN        ANSWERING
FREIBOTT,                                  DEFENDANT DEMANDS
                                           TRIAL BY JURY
                         Defendant.
----------------------------------------X

        The defendant, KEVIN FREIBOTT, by his attorneys, MORRIS

DUFFY ALONSO & FALEY, upon information and belief, answers the

plaintiff's Amended Complaint herein as follows:

## PARTIES

        FIRST.  Denies any knowledge or information thereof

sufficient to form a belief as to the truth of the allegations

contained in the paragraph or subdivision of the Amended Complaint

designated "1".


        SECOND.  Denies any knowledge or information thereof

sufficient to form a belief as to the truth of the allegations

contained in the paragraph or subdivision of the Amended Complaint

designated "2".

THIRD.   Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Amended Complaint designated "3".

FOURTH.   Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Amended Complaint designated "4".

FIFTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "5".

SIXTH.   Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Amended Complaint designated "6".

SEVENTH.   Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "7".

EIGHTH.   Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "8".

NINTH.   Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Complaint designated "9".

TENTH.   The defendant herein admits the allegations contained in paragraph or subdivision of the Complaint designated "10".

## **JURISDICTION AND VENUE**

ELEVENTH.   Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "11" and respectfully refer all questions of law to this honorable court.

TWELFTH.   Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "12" and respectfully refer all questions of law to this honorable court.

THIRTEENTH.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "13" and respectfully refer all questions of law to this honorable court.

FOURTEENTH.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "14" and respectfully refer all questions of law to this honorable court.

## **BACKGROUND**

FIFTEENTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Amended Complaint designated "15".

SIXTEENTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Amended Complaint designated "16".

SEVENTEENTH. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations

contained in the paragraph or subdivision of the Amended Complaint designated "17".

EIGHTEENTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Amended Complaint designated "18".

NINETEENTH.  Denies upon information and belief each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "19".

TWENTIETH.  Denies upon information and belief each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "20" and respectfully refers all questions of law to this honorable court.

TWENTY-FIRST.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "21" and respectfully refers all questions of law to this honorable court.

TWENTY-SECOND.  Denies upon information and belief each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "22".

TWENTY-THIRD.  Denies upon information and belief each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "23" and respectfully refers all questions of law to this honorable court.

TWENTY-FOURTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "24" and respectfully refers all questions of law to this honorable court.

TWENTY-FIFTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "25" and respectfully refers all questions of law to this honorable court.

TWENTY-SIXTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraph or subdivision of the Amended Complaint designated "26".

TWENTY-SEVENTH. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "27" and respectfully refers all questions of law to this honorable court.

TWENTY-EIGHTH. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "28" and respectfully refers all questions of law to this honorable court.

TWENTY-NINTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "29" and respectfully refers all questions of law to this honorable court.

THIRTIETH.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "30" and respectfully refers all questions of law to this honorable court.

THIRTY-FIRST.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "31" and respectfully refers all questions of law to this honorable court.

THIRTY-SECOND. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "32" and respectfully refers all questions of law to this honorable court.

THIRTY-THIRD.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "33" and respectfully refers all questions of law to this honorable court.

THIRTY-FOURTH.  Denies upon information and belief all questions of law contained in the paragraphs or subdivisions of the Amended Complaint designated "34" and respectfully refers all questions of law to this honorable court.

<u>**ANSWERING COUNT ONE**</u>

THIRTY-FIFTH.  As to the paragraph of the Amended Complaint designated "35", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "34" inclusive of the entire Amended Complaint, with the same force and effect as if fully set forth at length herein.

THIRTY-SIXTH.  Denies upon information and belief each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "36".

THIRTY-SEVENTH.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint

designated "37" and respectfully refers all questions of law to this honorable court.

THIRTY-EIGHTH.    Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "38" and respectfully refers all questions of law to this honorable court.

THIRTY-NINTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "39" and respectfully refers all questions of law to this honorable court.

FORTIETH.    Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "40" and respectfully refers all questions of law to this honorable court.

FORTY-FIRST.    Denies each and every allegation contained in the paragraphs or subdivisions of the Amended Complaint designated "41" and respectfully refers all questions of law to this honorable court.

FORTY-SECOND. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated

"42" and respectfully refers all questions of law to this honorable court.

FORTY-THIRD.   Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "43" and respectfully refers all questions of law to this honorable court.

FORTY-FOURTH.   Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "44".

FORTY-FIFTH. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "45" and respectfully refers all questions of law to this honorable court.

FORTY-SIXTH.   Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "46".

FORTY-SEVENTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "47" and respectfully refers all questions of law to this honorable court.

FORTY-EIGHTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "48" and respectfully refers all questions of law to this honorable court.

FORTY-NINTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "49" and respectfully refers all questions of law to this honorable court.

### ANSWERING COUNT TWO

FIFTIETH. As to the paragraph of the Amended Complaint designated "50", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "49" inclusive of the entire Amended Complaint, with the same force and effect as if fully set forth at length herein.

FIFTY-FIRST. Denies upon information and belief each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "51".

FIFTY-SECOND. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated

"52" and respectfully refers all questions of law to this honorable court.

FIFTY-THIRD.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "53" and respectfully refers all questions of law to this honorable court.

FIFTY-FOURTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "54" and respectfully refers all questions of law to this honorable court.

FIFTY-FIFTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "55" and respectfully refers all questions of law to this honorable court.

FIFTY-SIXTH. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "56" and respectfully refers all questions of law to this honorable court.

FIFTY-SEVENTH.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "57" and respectfully refers all questions of law to this honorable court.

FIFTY-EIGHTH.  Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "58" and respectfully refers all questions of law to this honorable court.

## ANSWERING COUNT THREE

FIFTY-NINTH.  As to the paragraph of the Complaint designated "59", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "58" inclusive of the entire Complaint, with the same force and effect as if fully set forth at length herein.

SIXTIETH.  Denies upon information and belief each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "60".

SIXTY-FIRST.  Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "61"

and respectfully refers all questions of law to this honorable court.

SIXTY-SECOND.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "62" and respectfully refers all questions of law to this honorable court.

SIXTY-THIRD.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "63" and respectfully refers all questions of law to this honorable court.

SIXTY-FOURTH.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "64" and respectfully refers all questions of law to this honorable court.

SIXTY-FIFTH.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "65" and respectfully refers all questions of law to this honorable court.

SIXTY-SIXTH.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated

"66" and respectfully refers all questions of law to this honorable court.

SIXTY-SEVENTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "67" and respectfully refers all questions of law to this honorable court.

SIXTY-EIGHTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "68" and respectfully refers all questions of law to this honorable court.

SIXTY-NINTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "69" and respectfully refers all questions of law to this honorable court.

SEVENTIETH. Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "70".

SEVENTY-FIRST. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "71" and respectfully refers all questions of law to this honorable court.

SEVENTY-SECOND. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "72" and respectfully refers all questions of law to this honorable court.

SEVENTY-THIRD. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "73" and respectfully refers all questions of law to this honorable court.

## ANSWERING COUNT FOUR

SEVENTY-FOURTH. As to the paragraph of the Amended Complaint designated "74", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "73" inclusive of the entire Amended Complaint, with the same force and effect as if fully set forth at length herein.

SEVENTY-FIFTH. Denies upon information and belief each and every allegation contained in the paragraphs or subdivisions of the Complaint designated "75".

SEVENTY-SIXTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "76" and respectfully refers all questions of law to this honorable court.

SEVENTY-SEVENTH.   Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "77" and respectfully refers all questions of law to this honorable court.

SEVENTY-EIGHTH.   Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "78" and respectfully refers all questions of law to this honorable court.

SEVENTY-NINTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "79" and respectfully refers all questions of law to this honorable court.

EIGHTIETH.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "80" and respectfully refers all questions of law to this honorable court.

EIGHTY-FIRST.  Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "81" and respectfully refers all questions of law to this honorable court.

EIGHTY-SECOND.   Denies any knowledge or information thereof sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Amended Complaint designated "82" and respectfully refers all questions of law to this honorable court.

## ANSWERING COUNT FIVE

EIGHTY-THIRD. As to the paragraph of the Amended Complaint designated "83", answering defendant repeats and realleges each and every denial heretofore made with respect to paragraphs "1" through "82" inclusive of the entire Amended Complaint, with the same force and effect as if fully set forth at length herein.

EIGHTY-FOURTH. The defendant herein admits the allegations contained in paragraph or subdivision of the Complaint designated "84".

EIGHTY-FIFTH. The allegations contained in paragraph "85" involve questions of law and the defendant herein respectfully refers all questions of law to this honorable court.

EIGHTY-SIXTH. The allegations contained in paragraph "86" involve questions of law and the defendant herein respectfully refers all questions of law to this honorable court.

EIGHTY-SEVENTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "87" and respectfully refers all questions of law to this honorable court.

EIGHTY-EIGHTH. Denies each and every allegation contained in the paragraph or subdivision of the Complaint designated "88".

EIGHTY-NINTH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "89" and respectfully refers all questions of law to this honorable court.

NINETIETH. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "90" and respectfully refers all questions of law to this honorable court.

NINETY-FIRST. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "91" and respectfully refers all questions of law to this honorable court.

NINETY-SECOND. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "92" and respectfully refers all questions of law to this honorable court.

NINETY-THIRD. Denies each and every allegation contained in the paragraph or subdivision of the Amended Complaint designated "93" and respectfully refers all questions of law to this honorable court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE.

NINETY-FOURTH. Any damages which may have been sustained by the plaintiffs were contributed to in whole or in part by the

culpable conduct of the plaintiff and plaintiff's decedent, pursuant to Section 14-A, CPLR.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE.

NINETY-FIFTH. Any damages which may have been sustained by the plaintiffs were contributed to in whole or in part by the culpable conduct of third parties not under the control of answering defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE.

NINETY-SIXTH. Pursuant to CPLR 4545(c), if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security Act), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the plaintiff), then and in that event answering defendant hereby pleads in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the

amount of the award by such replacement or indemnification, minus an amount equal to the premiums paid by the plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).


### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE.


NINETY-SEVENTH.   The injuries and damages alleged, all of which are denied by the answering defendant, were caused by the intervening, interceding and superseding acts of third parties not under the control of answering defendant.


### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE.


NINETY-EIGHTH.   Answering defendant is entitled to limitation of liability pursuant to Article 16 of the CPLR.


### AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A FIRST CROSS CLAIM AGAINST CO-DEFENDANTS, ANSWERING DEFENDANT ALLEGES:


NINETY-NINTH.   If plaintiffs were caused to sustain injuries and damages at the time and place set forth in plaintiff's

Amended Complaint through any carelessness, recklessness and negligence other than plaintiff's own, those damages arose in whole or in part from the acts of co-defendants, and if any judgment is recovered herein by plaintiff against answering defendant, then this defendant will be damaged thereby and will be entitled to apportionment or indemnification, in whole or in part, on the basis of proportionate responsibility or obligation to indemnify of co-defendants.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND
AS AND FOR A SECOND CROSS CLAIM AGAINST
CO-DEFENDANTS, ANSWERING DEFENDANT
ALLEGES:**

ONE HUNDRED.  If the plaintiff was caused to sustain injuries and damages at the time and in the manner set forth in his Amended Complaint through any carelessness, recklessness or negligence other than that of plaintiff's own, which is expressly denied, such injuries and damages will have been caused, brought about and sustained solely by reason of the active, primary and affirmative negligence, carelessness and wrongdoing of the co-defendants, by their agents, servants and/or employees, without any negligence on the part of the answering defendant contributing thereto, or if there be any negligence on the part of the answering defendant, the same was merely passive and secondary in nature.

ONE HUNDRED FIRST.  That by reason of the foregoing, if the plaintiff recovers any judgment against the answering defendant, then this defendant is entitled to be fully indemnified by the co-defendants in a like amount, together with the costs, disbursements, expenses and attorneys' fees of the defense of this action by reason of the active and primary negligence of the co-defendants.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND
AS AND FOR A THIRD CROSS CLAIM AGAINST
CO-DEFENDANTS, ANSWERING DEFENDANT
ALLEGES:**

ONE HUNDRED SECOND.  If plaintiff sustained damages as alleged in the Amended Complaint through any fault other than the plaintiff's own fault, then such damages were sustained due to the sole fault of the co-defendants, and if plaintiff should obtain and/or recover judgment against the answering defendant, then the co-defendants shall be liable pursuant to common law for the full indemnification of the answering defendant.

In view of the foregoing, the answering defendant is entitled to complete common law indemnification for all loss, damage, cost or expense, including, without limitation, judgments, attorneys' fees, Court costs and the cost of appellate proceedings from the co-defendants.

**WHEREFORE,** answering defendant demands judgment dismissing the Amended Complaint as to answering defendant, with costs and further demands that the ultimate rights of this defendant and co-defendants, as between themselves, be determined in this action, and that answering defendant have judgment over and against co-defendants for all or a part of any verdict or judgment which may be obtained by the plaintiff against answering defendant, together with costs, interest and disbursements of this action.

/S/
DIANE L. DeVITA, For the Firm
(DLD 1203)
MORRIS DUFFY ALONSO & FALEY
Attorneys for defendant
KEVIN FREIBOTT
Office & P.O. Address
2 Rector Street - 22nd Floor
New York, New York 10006
(212) 766-1888

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

CARLOS ZELAYA, RUTH ZELAYA by her
Guardian Ad Litem Carlos Zelaya
and CARLOS ZELAYA, as the Admin-
istrator Ad Prosequendum of
the Estate of JOSE CARLOS ZELAYA,
deceased,

                    Plaintiff,

      -against-

MADISON SQUARE GARDEN, L.P.
CABLEVISION SYSTEMS CORPORATION,
STITCH BAR & LOUNGE INC., and KEVIN
FREIBOTT,

                    Defendants.
```

ANSWER TO AMENDED COMPLAINT WITH CROSSCLAIMS

**MORRIS DUFFY ALONSO & FALEY**
Attorneys for Defendant KEVIN FREIBOTT
2 Rector Street - 22nd Floor
New York, New York 10006
(212) 766-1888

**PLEASE TAKE NOTICE :**

**[] NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                    20

**[] NOTICE OF SETTLEMENT**
that an order                                        of which the within is a true copy will be presented for
settlement to the HON.                                                    one of the judges
of the within named court, at
on                                        20            at                            M..

Dated:                                                        Yours, etc.

                              **MORRIS DUFFY ALONSO & FALEY**
                              Attorneys for Defendant(s)
                              Office and Post Office Address
To:                           2 Rector Street
                              New York, New York 10006