LAW OFFICES OF

# DAVIS, SAPERSTEIN & SALOMON, P.C.

SAMUEL L. DAVIS•ot
MARC C. SAPERSTEIN•oo
GARRY R. SALOMON•t
STEVEN BENVENISTI•■t
PAUL A. GARFIELD•■t
—
LUIS L. HAQUIA•ot
TERRENCE SMITH•■
STEVEN H. COHEN•o
PATRICIA Z. BOGUSLAWSKI•
ADAM LEDERMAN•o
KRISTINA C. IVTINDZIOSKI•♦
RAYMOND S. CARROLL•o
ANGELA CERVELLI BENNETT•

375 CEDAR LANE
TEANECK, NJ 07666-3433
FACSIMILE: (201) 692-0444
Email: lawinfo@dsslaw.com
(201) 907-5000

800 INMAN AVENUE
COLONIA, NJ 07067
(201) 907-5000

44 WALL STREET, 18TH FLOOR
NEW YORK, NY 10005
(212) 608-1917

CERTIFIED CIVIL TRIAL ATTY †
PENNSYLVANIA BAR ■
CONNECTICUT BAR ♦
NEW JERSEY BAR •
NEW YORK BAR o
GEORGIA BAR o
D.C. BAR o

OF COUNSEL
RACHAEL NASS•o

June 15, 2010

REPLY TO TEANECK

By ECF
The Honorable Lawrence J. McKenna
United State District Court
500 Pearl Street, Chambers 1640
New York, NY 10007

RE: *Carlos Zelaya, et als v. Madison Square Garden, et als*
Case No. 08-cv-2933

Dear Judge McKenna:

I am writing on behalf of our client, Plaintiff Carlos Zelaya, in support of his motion to file and serve a Second Amended Complaint. Please accept this letter in lieu of a formal brief.

Statement of Facts

Plaintiffs Carlos Zelaya and Ruth Zelaya filed suit against the defendants for personal injuries on March 20, 2008. Mrs. Zelaya died of her injuries and related complications on March 24, 2010.[1] The Hudson County Surrogate appointed Carlos Zelaya as the Administrator Ad Prosequendum of his wife's estate on May 13, 2010. Plaintiff now moves for authorization to substitute himself as administrator ad prosequendum for his dead wife and to add a cause of action for survivorship on behalf of his wife's estate.

Legal Argument

1. Substitution of Nominal Party

---

[1] Supporting documents are attached to the enclosed Declaration of counsel.

Federal Civil Procedure Rule 15 requires Mr. Zelaya to solicit the Court's leave to file and serve a Second Amended Complaint. When justice so requires, the Court should freely give its leave. *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir.1995).

Mr. Zelaya made timely application for and received the appointment of the Hudson County Surrogate to continue this case on behalf of his wife's estate. The substitution of the nominal party will conform the pleadings to the facts without prejudice to the Defendants.

2. Addition of Survivorship Cause of Action

Both New York and New Jersey law allow an estate representative to allege a cause of action for the compensable personal injuries the decedent might have recovered if she had survived. New York E.P.T.L. §11-3.2, et seq.; New Jersey N.J.S.A. 2A:15-3, et seq. New York's Dram Shop Act, General Obligations Law §11-101 further acknowledges and permits recovery of such compensable damages:

> 2. In case of the death of either party, the action or right of action given by this section shall survive to or against his or her executor or administrator, and the amount so recovered by either a husband, wife or child shall be his or her sole and separate property.

McKinney's General Obligations Law § 11-101

Mr. Zelaya alleges that the Defendants' wrongful conduct caused his wife's injuries and that she was entitled to compensation from the date of her injuries on January 23, 2007 to the date of her death on March 24, 2010. These allegations have not changes since the filing of this lawsuit. The formal addition of the statutory cause of action simply substitutes for the damage allegations previously made. Once again, there is no prejudice from this amendment; it simply conforms the formal pleadings to the facts of the case. trial will determine the actual elements of damages that the jury will consider.

Conclusion

Plaintiff respectfully requests that the Court authorize filing of his Second Amended Complaint in the form proposed. The amendments conform the pleading to the facts of the case and inflict no prejudice on the Defendants.

                                            Respectfully submitted,
                                            DAVIS, SAPERSTEIN & SALOMON, P.C.

                                            Terrence Smith
                                            For the Firm

Cc: Judge McKenna courtesy copy
All counsel on attached list by ECF