**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARLOS ZELAYA, et al.,<br><br>                    Plaintiffs,<br>  - against -<br><br>MADISON SQUARE GARDEN, L.P., et al.,<br><br>                    Defendants. | Docket No. 08-CV-2933 (LMM) (AJP)<br><br>**DECLARATION OF TERRENCE SMITH IN SUPPORT OF PLAINTIFF'S MOTION TO FILE AND SERVE A SECOND AMENDED COMPLAINT**<br><br>**ECF CASE** |

Terrence Smith declares under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.      I am an attorney admitted to practice before this Court.  I am a lawyer with the firm of Davis Saperstein & Salomon, P.C., attorneys for plaintiff Carlos Zelaya.  I am fully familiar with the facts set forth herein.

2.      I submit this Declaration in support of Plaintiff's motion to file and serve a Second Amended Complaint substituting Carlos Zelaya, Administrator Ad Prosequendum of the Estate of Ruth Zelaya in place of Ruth Zelaya, and adding a cause of action for survivorship on behalf of the Estate of Ruth Zelaya.

3.      Ruth Zelaya died on March 24, 2010; I have attached a true copy of her death certificate as Exhibit 1.

4.      The Hudson County, New Jersey Surrogate appointing Carlos Zelaya as the Administrator Ad Prosequendum of the Estate of Ruth Zelaya on  I have attached a true copy of the Letter Testamentary of as Exhibit 2.

1

5.      I have attached a proposed form of Second amended Complaint substituting Carlos Zelaya, Administrator Ad Prosequendum of the Estate of Ruth Zelaya in place of ruth Zelaya, and to add a cause of action for survivorship on behalf of the Estate of Ruth Zelaya as Exhibit 3.

6.      I have attached a true copy fo the Court's letter of May ,2010 instructing Plaintiff to submit a motion to file and serve a Second amended Complaint as Exhibit 4.

Dated: Teaneck, New Jersey

June 15, 2010

                                    **DAVIS, SAPERSTEIN & SALOMON, P.C.**

                                    Terrence Smith [8297]
                                    Davis, Saperstein & Salomon, P.C.
                                    375 Cedar Lane
                                    Teaneck, New Jersey 07666
                                    (201) 907-5000

                                    -or-

                                    44 Wall Street, 18th Floor
                                    New York, NY 10005
                                    (212) 608-1917
                                    *Attorneys for Plaintiff Carlos Zelaya*

2

# EXHIBIT 1

THIS DOCUMENT HAS MULTIPLE SECURITY FEATURES. TO DETECT FRAUD, HOLD UP & VERIFIED
STATE OF NEW JERSEY

**STATE OF NEW JERSEY**

**NEW JERSEY DEPARTMENT OF HEALTH AND SENIOR SERVICES**

**CERTIFICATE OF DEATH**

STATE FILE NUMBER: 2010001S503

B000031559571

1a. Legal Name of Decedent (First, Middle, Last, Suffix)

**Ruth Zelaya**

1b. Also Known as (AKA), if Any (First, Middle, Last, Suffix)

Ruth Helena Rosas Pineda De Zelaya

| 2. Sex | 3. Social Security No. | 4a. Age | 4b. Under 1 Year | 4c. Date of Birth (Month/Day/Year) |
|---|---|---|---|---|
| Female | None | 40 Years | | 10/01/1969 |

5. Birthplace (City & State/Foreign Country)

Tegucigalpa Honduras

| 6. Ever in US Armed Forces? | 7a. Residence-State | 7b. County | 7c. Municipality/City | 7d. Zip Code | 7e. Inside City Limits? |
|---|---|---|---|---|---|
| No | New Jersey | Hudson | | 07305 | Yes |

7f. Street and Number
323 Patrick Street

8. Domestic Status at Time of Death
Married

9. Married or Never Married
Married

| 10. Name of Surviving Spouse/Partner (Name Given at birth or on both certificate) | | 11a. Father's Name (First, Middle, Last) |
|---|---|---|
| Carlos Zelaya | | Wifredo Rosas |

11b. Father's Name Prior to First Marriage (First, Middle, Last)
Elvia Pineda

12a. Name of Informant
Carlos Zelaya

12b. Mailing Address (Street and Number, City, State, Zip Code)
323 Patrick Avenue, Jersey City, NJ 07305

| 13a. Relationship to Decedent | 13b. Location of Death |
|---|---|
| Spouse | |

14. Location of Death - City & State/Foreign Country

15. Place of Disposition (name of cemetery, crematory, other)
San Pedro Sula Cemetery

| 16. Location- City & State/Foreign Country | |
|---|---|
| San Pedro Sula, HO | |

17. Method of Disposition
Burial

| 18. Name and Company's Address of Funeral Facility |
|---|
| Riotto Funeral Home, 3205 Kennedy Blvd, Jersey City NJ 07306 |

19. NJ Licence Number
JP000485492

18. Electronic Signature of Funeral Director
Scott Strano

20. Decedent's Education

21. Decedent of Hispanic Origin?
Other Hispanic: Honduran

22. Decedent's Race
Other Races: Honduran

23. Bachelor's degree (BA, AB, BS)

24. Occupation of Decedent (Type of work done most of life, even if retired)
Homemaker

25. Kind of Business/Industry
Home

26. Name and Address of Last Employer

| 27. Time Pronounced Dead (Hr/Min) | 28. Date Pronounced Dead (Mo/Day/Yr) |
|---|---|
| 0100 | 02/24/2010 |

| 29. Name of Person Pronouncing Death | |
|---|---|
| Charles Gristaglicono | |

| 30. License Number | 31. Was Medical Examiner Contacted? | 32. Date Signed (Mo/Day/Yr) | 34. Place of Death |
|---|---|---|---|
| 25MA01400100 | No | 02/24/2010 | |

33a. Facility Name (if not institution, give street and number)
UMDNJ-University Hospital

| 35a. Newark City | 35b. Municipality | 35c. County |
|---|---|---|
| | | Essex |

36a. CAUSE OF DEATH. PART I - IMMEDIATE CAUSE - (Final disease or condition resulting in death. Do not enter the mode of dying (cardiac or respiratory arrest), if any, saying to 1a the cause (state) on line 1.a. Enter on UNDERLYING CAUSE (disease or injury that initiated the events resulting in death, Description(s) list conditions, if any, leading to 1a as the underlying CAUSE, PART I - IMMEDIATE CAUSE...

Immediate Cause
a. Respiratory failure

Due to (or as a consequence of):
b. Sepsis

Due to (or as a consequence of):
c.

Due to (or as a consequence of):
d.

| Interval Between Onset and Death |
|---|
| 33 minutes |
| 2 hours |

36. PART II - Enter other significant conditions contributing to death but not resulting in the underlying cause given in PART I.
post traumatic hydrocephalus

| 37. Was an Autopsy Performed? | 38. Were Autopsy Findings Available to Complete Cause of Death? |
|---|---|
| No | Not Applicable |

| 39. Date of Injury (Mo/Day/Yr) | 40. Time of Injury (24-Hr) | 41. Place of Injury (e.g. home, construction site, restaurant) | 42a. Injury at Work? | 43a. County | 43b. State |
|---|---|---|---|---|---|

| 44. Describe How Injury Occurred | 45. If Transportation Injury |
|---|---|

| 46. Manner of Death: | 47. Did Decedent Have | 48. Did Tobacco Use | 49. If Female, Pregnancy Status |
|---|---|---|---|
| Natural | Diabetes? | Contribute to Death? | Not pregnant within the past year |
| | No | No | |

50. Certifier Type
Chief Medical Examiner and Certifier

51a. Name, Address, and Zip Code of Certifier
Charles Joseph Pietaglicono, M.D.
50 Bergen Street Suite 0100, Newark, NJ 07101

52. Electronic Signature of Certifier
Charles Joseph Pietaglicono

54. Date Certified (Mo/Day/Yr)
03/24/2010

55. Electronic Signature of Local Register
Laura French

| 56. District No. | 57. Data Received | |
|---|---|---|
| V0235 | 02/25/2010 | |

DATE ISSUED: **March 26, 2010**

ISSUED BY:
*State Department of Health and Senior Services, Bureau of Vital Statistics and Registration*

This is to certify that the above is correctly copied from a record on file in my office.

Certified copy not valid unless the raised Great Seal of the State of New Jersey or the seal of the issuing municipality or county, is affixed hereon.

Joseph A Komosinski, State Registrar
Bureau of Vital Statistics

REG-42B
JULY 04

# EXHIBIT 2

## SURROGATE'S COURT OF HUDSON COUNTY
## DONALD W. DE LEO, SURROGATE
### Docket No. 296549

I, *Donald W. De Leo*, Surrogate of the County of Hudson, State of New Jersey, do certify that on MAY *13*  , 2010, Administration Ad Prosequendum of RUTH ZELAYA, a/k/a RUTH NOHEMI POSAS PINEDA DE ZELAYA, who died intestate, late of the County of Hudson and State of New Jersey, was granted by me to CARLOS ZELAYA, of the County of Hudson, who is duly authorized to bring an action, institute a proceeding or make a claim in his name as such administrator ad prosequendum as provided under the law.

This grant of letters, however, DOES NOT AUTHORIZE the said administrator to receive any moneys in settlement, or satisfaction, of any judgment obtained in any such action or proceeding brought or instituted, or any part thereof.

Payment shall be made only to a general administrator, according to the applicable statute.

Witness my hand and seal of Office this *13th* day of MAY, in the Year of our Lord, TWO THOUSAND TEN

_____
Donald W. De Leo, Surrogate

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

CARLOS ZELAYA, AND CARLOS ZELAYA AS
ADMINISTRATOR AD PROSEQUENDUM OF THE
ESTATES OF RUTH ZELAYA AND OF JOSE :
CARLO ZELAYA

               **Plaintiff**

          vs.

MADISON SQUARE GARDEN, L.P.,
247 W. 37TH STREET LLC LLC I/S/H/A STITCH
BAR & LOUNGE INC., AND KEVIN FREIBOTT

              **Defendants**

Civil Action

: Case No. 08CV2933

:

:

: SECOND AMENDED COMPLAINT

:

:

:

---

Plaintiff CARLOS ZELAYA, and CARLOS ZELAYA, Administrator Ad Prosequendum

of the Estates of RUTH ZELAYA and JOSE CARLO ZELAYA, by and through their Attorneys

Davis, Saperstein & Salomon, P.C., by way of Amended Complaint say:

## PARTIES

1. Plaintiff Carlos Zelaya is a natural person and citizen of the foreign state of Honduras.

2. The decedent Ruth Zelaya was a natural person and citizen of the foreign state of

Honduras and spouse of Carlos Zelaya.

3. The decedent Jose Carlo Zelaya, was a natural person and citizen of the foreign state of

Honduras and son of Carlos and Ruth Zelaya.

4. On or about February 13, 2008, the Surrogate Court of the State of New Jersey, appointed

Carlos Zelaya administrator of the Estate of Jose Carlo Zelaya, deceased, and hereinafter shall

serve as the Administrator Ad Prosequendum of the Estate of Jose Carlo Zelaya, deceased.

5. On or about March 13, 2008, the Surrogate Court of the State of New Jersey appointed

Carlos Zelaya as guardian over Ruth Zelaya, and on May 13, 2010, appointed Carlos Zelaya as

the Administrator Ad Prosequendum of the Estate of Ruth Zelaya.

6. Defendant Madison Square Garden, L.P. (hereinafter "MSG") is a limited partnership

formed in Delaware with its principal place of business at 4 Pennsylvania Plaza, New York, New

York, and is a wholly owned subsidiary of Cablevision.

7.   Madison Square Garden is the owner and operator of the sports and entertainment arena commonly known as Madison Square Garden (hereinafter "The Garden") located at 7th Avenue between 31st St. & 33rd St., New York, New York.

8.   Defendant 247 W. 37th Street LLC LLC i/s/h/a Stitch Bar & Lounge Inc. (hereinafter 247 W. 37th Street LLC) is a New York corporation with its principal place of business at 247 W. 37th St., New York, New York.

9.   247 W. 37th Street LLC owns and operates a food and drink establishment located at 247 W. 37th St., New York, New York commonly known at Stitch Bar & Lounge.

10. Defendant Kevin Freibott is a natural person and resident of the State of New Jersey.  Mr. Freibott is in the custody of the Department of Corrections for the State of New Jersey.

## JURSIDICTION AND VENUE

11. Plaintiffs are all current or former citizens of the foreign state of Honduras whereas defendants are deemed citizens of the States of Delaware, New York and New Jersey.

12. The matter in controversy exceeds the sum of $75,000.

13. The United States District Court thus possesses original jurisdiction over this matter by way of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(2).

14. Venue in this matter is properly laid in the United States District Court for the District of New York pursuant to 28 USC § 1391 because a substantial part of the underlying events took place in the City and State of New York.

## BACKGROUND

2

15. At all times relevant to this matter, MSG was licensed to, and in fact, sold alcoholic beverages to patrons of sporting and entertainment events hosted at The Garden.

16. At all times relevant to this matter, 247 W. 37th Street LLC was licensed to, and in fact, sold alcoholic beverages to patrons of Stitch Bar & Lounge.

17. On or about January 23, 2007, The Garden hosted a college basketball game between the St. John's University and the University of Pittsburgh (hereinafter the "Basketball Game") which was sanctioned by the Big East Athletic Conference and the National Collegiate Athletic Association (hereinafter the "NCAA").

18. The tip-off time of the Basketball Game was scheduled for 7:30.

19. On or about January 23, 2007, and prior to the start of the Basketball Game, Kevin Freibott patronized Stitch Bar & Lounge.

20. While patronizing Stitch Bar & Lounge, Mr. Freibott was sold and consumed multiple alcoholic beverages and became visibly intoxicated.

21. Based on reasonable information and belief, Mr. Freibott was served alcoholic beverages at Stitch Bar & Lounge Inc., after he became visibly intoxicated.

22. After patronizing Stitch Bar & Lounge, Mr. Freibott attended the Basketball Game at The Garden.

23. While attending the Basketball Game at The Garden, Mr. Freibott was sold and consumed multiple alcoholic beverages from the concessions stand at The Garden.

24. Based on reasonable information and belief, Mr. Freibott was served alcoholic beverages at The Garden well after he became visibly intoxicated.

25. Based on reasonable information and belief, on the date in question MSG had failed to properly hire and properly train its servants, agents and/or employees, known or unknown, to

3

prevent serving alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, consistent with the legal requirements promulgated by the State and City of New York, regulations set forth the by the NCAA, and MSG's own posted rules, regulations and guidelines for serving alcoholic beverages during events hosted at The Garden.

26. Based on reasonable information and belief, on the date in question MSG had failed to assure that its servants, agents and/or employees, known or unknown, were complying with the applicable legal requirements promulgated by the State and City of New York, the regulations set forth the by the NCAA, and MSG's own posted rules, regulations and guidelines for serving alcoholic beverages during events hosted at The Garden.

27. Based on reasonable information and belief, on the date in question MSG authorized, condoned & permitted its servants, agents and/or employees, known or unknown, to serve alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, at events hosted at The Garden solely for economic gain.

28. Based on reasonable information and belief, MSG has repeatedly failed to prevent visibly intoxicated patrons from operating a motor vehicle including Kevin Freibott.

29. Near the conclusion of the Basketball Game, Mr. Freibott was further permitted to exit The Garden in a visibly intoxicated state despite the foreseeable harm to the public caused by the visibly intoxicated patron's operation of said vehicle including Kevin Freibott.

30. While operating his motor vehicle on the Pulaski Skyway (U.S. Route 1 &9) in Jersey City, New Jersey after departing from The Garden, and while still visibly intoxicated, Mr. Freibott struck the rear of the motor vehicle in which Carlos Zelaya, Ruth Zelaya and Jose Carlo Zelaya were traveling as passengers.

31. Jose Carlo Zelaya was killed as result of the collision caused by Mr. Freibott.

4

32. Ruth Zelaya was gravely injured as result of the collision caused by Mr. Freibott and died of her injuries and injury-related complications on March 24, 2010.

33. Carlos Zelaya was seriously injured as result of the collision caused by Mr. Freibott.

34. The official investigation of the collision concluded that Mr. Freibott was entirely at fault for the collision and that Mr. Freibott was operating his motor vehicle under the influence of alcohol in excess of three times the legal limit, which defines drunk driving in New York and New Jersey.

**COUNT I – MADISON SQUARE GARDEN**
**VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L § 11-101**
**AS TO CARLOS ZELAYA INDIVIDUALLY AND ESTATE OF RUTH ZELAYA**

35. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

36. On or about January 23, 2007, Kevin Freibott was attending the Basketball Game being held at The Garden.

37. While Mr. Freibott was attending the Basketball Game, in violation of the New York State Dram Shop Act, G.O.L § 11-101, MSG unlawfully sold alcoholic beverages to Mr. Freibott by serving Mr. Freibott in a visibly intoxicated state.

38. In further violation of the New York State Dram Shop Act, G.O.L § 11-101, MSG unlawfully sold alcoholic beverages to Kevin Freibott while having failed to properly hire, train and supervise its servants, agents and/or employees to in order to prevent serving alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, consistent with the legal requirements promulgated by the State and City of New York, regulations set forth the by the NCAA, and MSG's own posted rules, regulations and guidelines for serving alcoholic beverages

during events hosted at The Garden.

39. Having caused or contributed to Mr. Freibott's intoxication, MSG then permitted Mr. Freibott to exit The Garden and operate his motor vehicle while visibly intoxicated.

40. Upon exiting the Garden and operating his vehicle in a visibility intoxicated state possessing a blood alcohol level in excess of three times the legal limit, Mr. Freibott caused an auto collision on the Pulaski Skyway with another motor vehicle occupied by Carlos Zelaya, Ruth Zelaya & Jose Carlo Zelaya.

41. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos Zelaya and Ruth Zelaya, were injured in and about their minds and bodies causing serious permanent personal injuries and emotional distress.

42. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos Zelaya and Ruth Zelaya were caused great pain and suffering to their mind and body, and Carlos Zelaya continues to experience great pain and suffering in his mind and body.

43. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos Zelaya and Ruth Zelaya were obliged to expend great sums of money for medical aid and attention.

44. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos Zelaya and Ruth Zelaya were unable to attend to their usual pursuits and occupations and Carlos Zelaya will be unable to attend to his usual pursuits and occupation in the future.

45. On or about January 27, 2007, Jose Carlo Zelaya, died as a direct and proximate result of injuries sustained in the auto collision caused by Mr. Freibott.

6

46. Jose Carlo Zelaya, was survived by his parents, Carlos Zelaya and Ruth Zelaya.

47. As a direct and proximate result of the death of Jose Carlo Zelaya, Carlos and Ruth

Zelaya have suffered severe and permanent injuries, damages and losses including but not limited

to economic damages, pecuniary losses, lost and future wage loses, loss of support, and loss of

prospective inheritance.

48. As a direct and proximate result of the death of Jose Carlo Zelaya, Carlos and Ruth

Zelaya have been deprived of future aid, assistance, services, financial support.

49. As a direct and proximate result of the death of Jose Carlo Zelaya, Carlos and Ruth

Zelaya have been caused to expend various sums to administer the estate Jose Carlo Zelaya and

have incurred other expenses for which they are entitled to recover.

**WHEREFORE** Plaintiff demands judgment against MSG for their economic damages,

compensatory damages, punitive damages, costs, fees and such other relief pursuant to The New

York State Dram Shop Act, G.O.L § 11-101.

### COUNT II – MADISON SQUARE GARDEN
### VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L § 11-101
### AS TO CARLOS ZELAYA AS ADMINISTRATOR AD PROSEQUENDUM
### OF THE ESTATE OF JOSE CARLO ZELAYA

50. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

51. On or about January 23, 2007, Kevin Freibott was attending the Basketball Game being

held at The Garden.

52. While Mr. Freibott was attending the Basketball Game, in violation of the New York

State Dram Shop Act, G.O.L § 11-101, MSG unlawfully sold alcoholic beverages to Mr. Freibott

by serving Mr. Freibott in a visibly intoxicated state.

53. In further violation of the New York State Dram Shop Act, G.O.L § 11-101, MSG unlawfully sold alcoholic beverages to Kevin Freibott while having failed to properly hire, train and supervise its servants, agents and/or employees to in order to prevent serving alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, consistent with the legal requirements promulgated by the State and City of New York, regulations set forth the by the NCAA, and MSG's own posted rules, regulations and guidelines for serving alcoholic beverages during events hosted at The Garden.

54. Having cause or contributed to Mr. Freibott's intoxication, MSG then permitting Mr. Freibott to exit The Garden and operate his motor vehicle while visibly intoxicated.

55. Upon exiting the Garden and operating his vehicle in a visibility intoxicated state possessing a blood alcohol level in excess of three times the legal limit, Mr. Freibott caused an auto collision on the Pulaski Skyway with another motor vehicle occupied by Carlos Zelaya, Ruth Zelaya & Jose Carlo Zelaya.

56. On or about January 27, 2007, Jose Carlo Zelaya, died as a direct and proximate result of injuries sustained in the auto collision caused by Mr. Freibott.

57. As a direct and proximate result of the auto collision caused by Mr. Friebott, Jose Carlo Zelaya was caused to suffer conscious pain and suffering and fear of impending death, was placed in apprehension of harmful and offensive bodily contact, suffered offensive and harmful bodily contact, suffered extreme fear, anxiety, emotional and psychological distress, loss of life's pleasures, loss of earnings and earning capacity, and was otherwise mentally and physically harmed.

58. Carlos Zelaya brings this claim on behalf of the decedent for the damages suffered

8

by Jose Carlo Zelaya.

**WHEREFORE** Plaintiff demands judgment against MSG for economic damages, compensatory damages, and punitive damages, costs, fees and such other relief as the New York State Dram Shop Act, G.O.L § 11-101 may allow.

**COUNT III – 247 W. 37TH STREET LLC LLC**
**VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L § 11-101**
**AS TO CARLOS ZELAYA AND ESTATE OF RUTH ZELAYA INDIVIDUALLY**

59. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

60. On or about January 23, 2007, Kevin Freibott patronized Stitch Bar & Lounge prior to attending the Basketball Game at the Garden.

61. While patronizing Stitch Bar & Lounge, in violation of the New York State Dram Shop Act, G.O.L § 11-101, 247 W. 37th Street LLC unlawfully sold alcoholic beverages to Mr. Freibott by serving Mr. Freibott in a visibly intoxicated state.

62. In further violation of the New York State Dram Shop Act, G.O.L § 11-101, 247 W. 37th Street LLC unlawfully sold alcoholic beverages to Kevin Freibott while having failed to properly hire, train and supervise its servants, agents and/or employees to in order to prevent serving alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, consistent with the legal requirements promulgated by the State and City of New York and its own posted rules, regulations and guidelines for serving alcoholic beverages.

63. Having caused or contributed to Mr. Freibott's intoxication, 247 W. 37th Street LLC then permitted Mr. Freibott to exit Stitch Bar & Lounge and operate his motor vehicle while visibly intoxicated.

64. Upon departing from Stitch Bar & Lounge and operating his vehicle in a visibility

9

intoxicated state possessing a blood alcohol level in excess of three times the legal limit, Mr.

Freibott caused an auto collision on the Pulaski Skyway with another motor vehicle occupied by

Carlos Zelaya, Ruth Zelaya & Jose Carlo Zelaya.

65. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos

Zelaya and Ruth Zelaya, were injured in and about their minds and bodies causing serious

permanent personal injuries and emotional distress.

66. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos

Zelaya and Ruth Zelaya were caused great pain and suffering to their mind and body, and Carlos

Zelaya continues to experience great pain and suffering in his mind and body.

67. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos

Zelaya and Ruth Zelaya were obliged to expend great sums of money for medical aid and

attention.

68. As a direct and proximate result of the auto collision caused by Mr. Friebott, Carlos

Zelaya and Ruth Zelaya were unable to attend to their usual pursuits and occupations, and Carlos

Zelaya will be unable to attend to his usual pursuits and occupation in the future.

69. On or about January 27, 2007, Jose Carlo Zelaya, died as a direct and proximate result of

injuries sustained in the auto collision caused by Mr. Freibott.

70. Jose Carlo Zelaya, was survived by his parents, Carlos Zelaya and Ruth Zelaya.

71. As a direct and proximate result of the death of Jose Carlo Zelaya, Carlos and Ruth

Zelaya have suffered severe and permanent injuries, damages and losses including but not limited

to economic damages, pecuniary losses, lost and future wage losses, loss of support, loss of

10

prospective inheritance.

72. As a direct and proximate result of the death of Jose Carlo Zelaya, Carlos and Ruth

Zelaya have been deprived of future aid, assistance, services, financial support.

73. As a direct and proximate result of the death of Jose Carlo Zelaya, Carlos Zelaya has been

caused to expend various sums to administer the estate Jose Carlo Zelaya and has incurred other

expenses for which they are entitled to recover.

**WHEREFORE** Plaintiff demands judgment against 247 W. 37th Street LLC for their

economic damages, compensatory damages, punitive damages, costs, fees and such other relief

pursuant to The New York State Dram Shop Act, G.O.L § 11-101.

## COUNT IV – 247 W. 37th STREET LLC
## VIOLATION OF THE NEW YORK DRAM SHOP ACT, G.O.L § 11-101
## AS TO CARLOS ZELAYA AS ADMINISTRATOR AD PROSEQUENDUM
## OF THE ESTATE OF JOSE CARLO ZELAYA

74. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

75. On or about January 23, 2007, Kevin Freibott patronized Stitch Bar & Lounge prior

to attending the Basketball Game at the Garden.

76. While patronizing Stitch Bar & Lounge, in violation of the New York State Dram Shop

Act, G.O.L § 11-101, 247 W. 37th Street LLC unlawfully sold alcoholic beverages to Mr.

Freibott by serving Mr. Freibott in a visibly intoxicated state.

77. In further violation of the New York State Dram Shop Act, G.O.L § 11-101, 247 W. 37th

Street LLC unlawfully sold alcoholic beverages to Kevin Freibott while having failed to properly

hire, train and supervise its servants, agents and/or employees to in order to prevent serving

alcoholic beverages to visibly intoxicated patrons, including Kevin Freibott, consistent with the

11

legal requirements promulgated by the State and City of New York and its own posted rules,

regulations and guidelines for serving alcoholic beverages.

78. Having caused or contributed to Mr. Freibott's intoxication, 247 W. 37th Street LLC then

permitted Mr. Freibott to exit Stitch Bar & Lounge and operate his motor vehicle while visibly

intoxicated.

79. Upon departing from Stitch Bar & Lounge and operating his vehicle in a visibility

intoxicated state possessing a blood alcohol level in excess of three times the legal limit, Mr.

Freibott caused an auto collision on the Pulaski Skyway with another motor vehicle occupied by

Carlos Zelaya, Ruth Zelaya & Jose Carlo Zelaya.

80. On or about January 27, 2007, Jose Carlo Zelaya, died as a direct and proximate result of

injuries sustained in the auto collision caused by Mr. Freibott.

81. As a direct and proximate result of the auto collision caused by Mr. Friebott, Jose Carlo

Zelaya was caused to suffer conscious pain and suffering and fear of impending death, was

placed in apprehension of harmful and offensive bodily contact, suffered offensive and harmful

bodily contact, suffered extreme fear, anxiety, emotional and psychological distress, loss of life's

pleasures, loss of earnings and earning capacity, and was otherwise mentally and physically

harmed.

82. Carlos Zelaya brings this claim on behalf of the decedent for the damages suffered

by Jose Carlo Zelaya.

**WHEREFORE** Plaintiff demands judgment against 247 W. 37th Street LLC for

economic damages, compensatory damages, and punitive damages, costs, fees and such

other relief as the New York  State Dram Shop Act, G.O.L § 11-101 may allow.

12

## COUNT V – KEVIN FREIBOTT
## NEGLIGENCE
## AS TO ESTATE OF RUTH ZELAYA

83. Plaintiff repeats and realleges the foregoing paragraphs as if set forth fully herein.

84. Kevin Freibott was the owner and operator of the motor vehicle registered and licensed in the State of New Jersey bearing the license plate No. NRX-63X.

85. Mr. Freibott as the operator of a motor vehicle has a legal duty to operate the vehicle in a reasonably safe manner.

86. Mr. Freibott as the operator of a motor vehicle further has a legal duty to operate the vehicle free of the influence of any drugs or alcohol.

87. On or about January 23, 2007, Mr. Freibott was operating his motor vehicle while visibly intoxicated with a blood alcohol level in excess of three times the legal limit.

88. While operating his motor vehicle in this condition under the influence of alcohol on the Pulaski Skyway, Mr. Freibott recklessly and/or negligently struck the rear of the motor vehicle in which Carlos Zelaya, Ruth Zelaya and Jose Carlo Zelaya were traveling as passengers.

89. As a direct and proximate result of Mr. Freibott's negligence, Ruth Zelaya was injured in the auto collision caused by Mr. Freibott on the Pulaski Skyway while he was operating his motor vehicle with a blood alcohol level in excess of three times the legal limit.

90. As a direct and proximate result of Mr. Freibott's negligence, Ruth Zelaya was injured in and about her mind and body causing serious permanent personal injuries and emotional distress.

91. Ruth Zelaya was caused great pain and suffering to her mind and body.

92. Ruth Zelaya was obliged to expend great sums of money for medical aid and attention.

13

93. Ruth Zelaya was unable to attend to her usual pursuits and occupations.

**WHEREFORE** Plaintiff demands judgment against Kevin Freibott for economic damages, compensatory damages, and punitive damages, costs, fees and such other relief as the law may allow.

## COUNT VI-ALL DEFENDANTS FOR SURVIVORSHIP ACTION ON BEHALF OF THE ESTATE OF RUTH ZELAYA

94.    Plaintiff repeats, reiterates and re-alleges the foregoing paragraphs as if set forth fully herein.

95.    That by reason of the aforesaid, deceased plaintiff Ruth Zelaya was caused to sustain serious, severe grave, painful personal injuries resulting in her death and was caused to be rendered sick, sore, lame and disabled; was caused to suffer great pain and anguish, sustained a severe shock to her nervous system; all of the aforesaid injuries were attended with great pain, suffering, and discomfort prior to her death.

96.    That by reason of the aforesaid, Plaintiff Decedent, Ruth Zelaya was caused to sustain severe and serious personal injuries prior to her death as defined by Section 5102(d) of the Insurance Law and/or greater than economic loss as defined in Section 5102(a) of the Insurance Law.

97.    That by reason of the foregoing, the Estate of plaintiff decedent, Ruth Zelaya, has sustained damages that are compensable under New York E.P.T.L. §11-3.2, et seq. and the New Jersey Survivors, N.J.S.A. 2A:15-3, et seq.

**WHEREFORE** Plaintiff demands judgment against all defendants for economic damages, non-economic damages, compensatory damages, punitive damages, medical expenses, funeral expenses, costs, fees and interest, together with such other relief as the law may allow.

Dated:    New York, New York
          June 15, 2010

By: _____

Samuel L. Davis (SD1766)
DAVIS SAPERSTEIN & SALOMON, P.C.
110 E. 55th Street, 12th Floor
New York, NY 10022
Attorneys for Plaintiff

# EXHIBIT 4

LAW OFFICES OF

# DAVIS, SAPERSTEIN & SALOMON, P.C.

375 CEDAR LANE
TEANECK, NJ 07666-3433
FACSIMILE: (201) 692-0444
Email: lawinfo@dsslaw.com
(201) 907-5000

SAMUEL L. DAVIS•o†
MARC C. SAPERSTEIN•oc
GARRY R. SALOMON•†
STEVEN BENVENISTI••†
PAUL A. GARFIELD•••†

LUIS L. HAQUIA•′ †
TERRENCE SMITH••
STEVEN H. COHEN•o
PATRICIA Z. BOGUSLAWSKI•
ADAM LEUDERMAN•o
KRISTINA C. IVTINDZIOSKI•
RAYMOND S. CARROLL•o
ANGELA CERVELLI BENNETT•

800 INMAN AVENUE
COLONIA, NJ 07067
(201) 907-5000

44 WALL STREET, 8TH FLOOR
NEW YORK, NY 10005
(212) 608-1917

OF COUNSEL

RACHAEL NASS•o

REPLY TO TEANECK

**MEMO ENDORSED**

May 19, 2010

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/2010

RECEIVED
IN CHAMBERS

MAY 2 0 2010

LAWRENCE M. McKENNA
USDJ    SDNY

By Lawyer Service
The Honorable Lawrence J. McKenna
United State District Court
Southern District of New York
500 Pearl Street, Chambers 1640
New York, NY 10007

RE:    *Carlos Zelaya, et als v. Madison Square Garden, et als*
       Case No. 08-cv-2933

Dear Judge McKenna:

I am writing to request the court's permission to file the attached Second Amended Complaint in this matter. This pleading substitutes Carlos Zelaya, Administrator Ad Prosequendum of the Estate of Ruth Zelaya, for the decedent, Mrs. Zelaya, and adds a cause of action for damages pursuant to both New York and New Jersey Wrongful Death Acts.

The Defendant Madison Square Garden has entered an informal objection the the new cause of action. Filing of the Second Amended Complaint will presumably allow Defendant to file a formal motion.

Thank you for your consideration

Respectfully submitted,
DAVIS, SAPERSTEIN & SALOMON, P.C.

Terrence Smith
For the Firm

Cc:  All counsel on attached list
enclosure

*Plaintiff is to file a formal motion for leave to amend. So ordered.*

*LMM 5/24/10*

NEW JERSEY • NEW YORK