UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
CARLOS ZELAYA, et al.,                :

       Plaintiffs,                        :
                                                     INDEX NO. 08 Civ. 2933 (LMM)
    -against-                              :

MADISON SQUARE GARDEN, L.P., et al.,  :

       Defendants.
------------------------------------- X

## MADISON SQUARE GARDEN'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

 

Bobby R. Burchfield (*pro hac vice*)
Richard W. Smith (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, DC 20005-3096
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

*Attorneys for Defendant*
*Madison Square Garden, L.P.*

July 6, 2010

Plaintiffs' proposed Second Amended Complaint offers technical changes pertinent to the passing of Plaintiff Ruth Zelaya and suggests a new and duplicative cause of action for survivorship against all Defendants. (Proposed 2d Am. Compl. ¶¶ 94-97.) Although the proposed Second Amended Complaint is objectionable in several respects, in the interest of expediency, Madison Square Garden does not oppose Plaintiffs' proposed amendments. Because these amendments effect no substantive change to the claims, defenses, and damages in this action, the pending motions for summary judgment remain ripe for decision by this Court.

1. As the Garden established in its motion to dismiss Plaintiffs' original Complaint, and as Plaintiffs conceded in response to that motion, the Dram Shop Act creates the exclusive cause of action against a seller of alcohol for injuries caused off-premises by an intoxicated patron. (Mot. Dismiss 2-6, June 2, 2008.) Moreover, as Plaintiffs acknowledge in their letter brief, the Dram Shop Act itself provides for the survival of a Dram Shop action. *See* N.Y. G.O.L. § 11-101(2) ("In case of the death of either party, the action or right of action given by this section shall survive to or against his or her executor or administrator."). Thus, Mrs. Zelaya's Dram Shop claim against the Garden survives automatically to the administrator of her estate. The addition of a separate cause of action under the New York and New Jersey survivorship statutes—which do not create an independent cause of action, but rather provide merely that an existing cause of action survives an injured party's death—is, at best, wholly duplicative of Plaintiffs' Dram Shop claim. N.Y. Est. Powers & Trusts Law §§ 11-3.2(b), -3.3(a); N.J. Stat. Ann. § 2A:15-3.

Nevertheless, because Plaintiffs' assertion of a cause of action for survivorship against the Garden is merely duplicative and does not effect any substantive change to the claims, defenses, or damages in this matter, the Garden does not oppose the amendment. *See id.*; *Scheu*

*v. High-Forest Corp.*, 517 N.Y.S.2d 798, 801 (App. Div. 1987) ("[T]he damages recoverable by an administrator for a 'survived' Dram Shop Act cause of action are the same as the injured party could have recovered if death had not ensued."). The Garden reserves its right to oppose the survivorship claim at an appropriate time in the future.

2. The pending summary judgment motions continue to be ripe and timely. Because Plaintiffs' proposed amendments do not substantively alter the claims, defenses, or damages in this matter, the amendments are equally subject to the pending motions for summary judgment.[1] Thus, this Court can and should decide the Garden's summary judgment motion regardless of whether it grants leave for Plaintiffs to file their Second Amended Complaint.

Dated: July 6, 2010

Bobby R. Burchfield (*pro hac vice*)
Richard W. Smith (*pro hac vice*)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, DC 20005-3096
T: 202.756.8000
F: 202.756.8087

Respectfully submitted,

/s Nathanael S. Kelley
Nathanael S. Kelley
MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173-1922
T: 212.547.5000
F: 212.547.5444
nkelley@mwe.com

*Attorneys for Defendant
Madison Square Garden, L.P.*

---

[1] In addition to making a new claim for survivorship, the proposed Second Amended Complaint also improperly perpetuates several claims from the Amended Complaint. Foremost among these are several claims based in common law negligence, which are improper for at least two reasons. (Proposed 2d Am. Compl. ¶¶ 38-39, 53-54.) First, New York law is clear that there is no common law negligence liability for the sale of alcohol to an intoxicated person who injures another off-premises. (*See, e.g.*, Mem. Supp. Mot. Dismiss 2-6, June 2, 2008.) Second, Plaintiffs abandoned these claims by failing to oppose their summary adjudication in favor of the Garden. (*See* Garden's Reply Supp. Summ. J. 2 n.1, Dec. 9, 2009.) Similarly, Plaintiffs' perpetuation of their claim for pain and suffering on behalf of Jose Carlo Zelaya (Proposed 2d Am. Compl. ¶¶ 57, 81) is improper because Plaintiffs have admitted that Jose Carlo Zelaya did not experience pain and suffering. (*See* Garden's Mem. Supp. Mot. Summ. J. 24, Sept. 30, 2009.) For purposes of this response, however, the Garden does not believe it necessary to oppose these and other improperly perpetuated claims because they are subject to the Garden's pending motion for summary judgment. (*See id.* at 17-19, 23-24; Garden's Reply Supp. Summ. J. 2 n.1.)