UNITED STATES DISTRICT COURT
EASTERN DISTRICT NEW YORK

------------------------------------------------------------------------- x

CARLOS ZELAYA, AND CARLOS ZELAYA, AS THE ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATES OF RUTH ZELAYA JOSE CARLOS ZELAYA,

08-cv-2933 (LMM)

Plaintiffs,

-against-

MADISON SQUARE GARDEN, L.P.
CABLEVISION SYSTEMS CORPORATION,
STITCH BAR & LOUNGE INC., and KEVIN FREIBOTT,

**ANSWER TO SECOND AMENDED COMPLAINT**

**TRIAL BY JURY DEMANDED**

Defendants.

------------------------------------------------------------------------- x

The defendant, KEVIN FREIBOTT, by his attorneys, MORRIS DUFFY ALONSO & FALEY, hereby answers the Second Amended Complaint as follows:

1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, except admits that Madison Square Garden is located in the vicinity of 7th Avenue., between 31st Street and 33rd Street, New York, NY.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, except admits that Stitch Bar & Lounge is located at 247, W. 37th Street, New York, NY.

10.     Admits the allegations in paragraph 10.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Admits that plaintiffs allege that the matter in controversy is greater than $75,000.

13.     Paragraph 13 states a legal conclusion for which no answer is required.

14.     Paragraph 14 states a legal conclusion for which no answer is required.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, except admits that MSG sold alcoholic beverages to patrons.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, except admits that Stitch Bar & Lounge sold alcoholic beverages to patrons.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, except admits that a basketball game between St. John's University and Notre Dame took place.

18. Admits the allegations in paragraph 18.

19. Admits the allegations in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, except admits that while at Stitch Bar & Lounge, Kevin Freibott was sold and consumed alcoholic beverages.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Admits the allegations in paragraph 22.

23. Admits the allegations in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, except admits that Kevin Freibott exited MSG near the conclusion of the game.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, except admits that the rear of the vehicle in which Carlos, Ruth, and Jose Carlo were in collided with the front of the vehicle that Kevin Freibott was in.

31. Denies the allegations in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, except denies that the collision was caused by Kevin Freibott.

33. Denies the allegations in paragraph 33.

34. Denies the allegations in paragraph 34.

35. Repeats and realleges each and every response set forth in paragraphs 1 through 34 of this answer as if fully set forth at herein.

36. Admits the allegations in paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 as to whether Kevin Freibott was in a visibly intoxicated state or what the blood alcohol level of Kevin Freibott was upon exiting MSG and Denies all other allegations.

41. Denies the allegations in paragraph 41.

42. Denies the allegations in paragraph 42.

43. Denies the allegations in paragraph 43.

44. Denies the allegations in paragraph 44.

45. Denies the allegations in paragraph 45, except admits that Jose Carlo Zelaya died.

46. Admits the allegations in paragraph 46.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50. Repeats and realleges each and every response set forth in paragraphs 1 through 49 of this answer as if fully set forth at herein.

51. Admits the allegations in paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 as to whether Kevin Freibott was in a visibly intoxicated state or what the blood alcohol level of Kevin Freibott was upon exiting MSG and Denies all other allegations.

56. Denies the allegations in paragraph 56, except admits that Jose Carlo Zelaya died.

57. Denies the allegations in paragraph 57.

58. Paragraph 58 states a legal conclusion for which no response is required.

59. Repeats and realleges each and every response set forth in paragraphs 1 through 59 of this answer as if fully set forth at herein.

60. Admits the allegations in paragraph 60.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64. Denies the allegations in paragraph 64.

65. Denies the allegations in paragraph 65.

66. Denies the allegations in paragraph 66.

67. Denies the allegations in paragraph 67.

68. Denies the allegations in paragraph 68.

69. Denies the allegations in paragraph 69, except admits that Jose Carlo Zelaya died.

70. Admits the allegations in paragraph 70.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72. Denies the allegations in paragraph 72.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74. Repeats and realleges each and every response set forth in paragraphs 1 through 73 of this answer as if fully set forth at herein.

75. Admits the allegations in paragraph 75.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. Denies the allegations in paragraph 79.

80. Denies the allegations in paragraph 80 except admits that Jose Carlo Zelaya died.

81. Denies the allegations in paragraph 81.

82. Paragraph 82 states a legal conclusion for which no response is required.

83. Repeats and realleges each and every response set forth in paragraphs 1 through 82 of this answer as if fully set forth at herein.

84. Admits the allegations in paragraph 84.

85. Paragraph 85 states a legal conclusion for which no response is required.

86. Paragraph 86 states a legal conclusion for which no response is required.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and refers all matters of law to the Court.

88. Denies the allegations in paragraph 88.

89. Denies the allegations in paragraph 89 and refers all matters of law to the Court.

90. Denies the allegations in paragraph 90.

91. Denies the allegations in paragraph 91.

92. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93. Denies the allegations in paragraph 93, except admits that Ruth Zelaya was unable to attend her usual pursuits and occupations.

94. Repeats and realleges each and every response set forth in paragraphs 1 through 93 of this answer as if fully set forth at herein.

95. Denies the allegations in paragraph 95 except admits that Ruth Zelaya sustained personal injuries and is deceased.

96. Denies the allegations in paragraph 96 except admits that Ruth Zelaya sustained personal injuries and is deceased and refers all matters of law to the Court.

97. Denies the allegations in paragraph 97 and refers all matters of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

Any damages which may have been sustained by the plaintiffs were contributed to in whole or in part by the culpable conduct of the plaintiff and plaintiff's decedent, pursuant to Section 14-A, CPLR.

## SECOND AFFIRMATIVE DEFENSE

Any damages which may have been sustained by the plaintiffs were contributed to in whole or in part by the culpable conduct of third parties not under the control of answering defendant.

## THIRD AFFIRMATIVE DEFENSE

Pursuant to CPLR 4545(c), if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security Act), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the plaintiff), then and in that event answering defendant hereby pleads in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an amount equal to the

premiums paid by the plaintiff for such benefits for the two year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in CPLR 4545(c).

## FOURTH AFFIRMATIVE DEFENSE

The injuries and damages alleged, all of which are denied by the answering defendant, were caused by the intervening, interceding and superseding acts of third parties not under the control of answering defendant.

## FIFTH AFFIRMATIVE DEFENSE

Answering defendant is entitled to limitation of liability.

## AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A FIRST CROSS CLAIM AGAINST CO-DEFENDANTS, ANSWERING DEFENDANT ALLEGES:

If plaintiffs were caused to sustain injuries and damages at the time and place set forth in plaintiff's Second Amended Complaint through any carelessness, recklessness and negligence other than plaintiff's own, those damages arose in whole or in part from the acts of co-defendants, and if any judgment is recovered herein by plaintiff against answering defendant, then this defendant will be damaged thereby and will be entitled to apportionment or indemnification, in whole or in part, on the basis of proportionate responsibility or obligation to indemnify of co-defendants.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A SECOND CROSS CLAIM AGAINST CO-DEFENDANTS, ANSWERING DEFENDANT ALLEGES:**

If the plaintiff was caused to sustain injuries and damages at the time and in the manner set forth in his Second Amended Complaint through any carelessness, recklessness or negligence other than that of plaintiff's own, which is expressly denied, such injuries and damages will have been caused, brought about and sustained solely by reason of the active, primary and affirmative negligence, carelessness and wrongdoing of the co-defendants, by their agents, servants and/or employees, without any negligence on the part of the answering defendant contributing thereto, or if there be any negligence on the part of the answering defendant, the same was merely passive and secondary in nature.

That by reason of the foregoing, if the plaintiff recovers any judgment against the answering defendant, then this defendant is entitled to be fully indemnified by the co-defendants in a like amount, together with the costs, disbursements, expenses and attorneys' fees of the defense of this action by reason of the active and primary negligence of the co-defendants.

**AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A THIRD CROSS CLAIM AGAINST CO-DEFENDANTS, ANSWERING DEFENDANT ALLEGES:**

If plaintiff sustained damages as alleged in the Second Amended Complaint through any fault other than the plaintiff's own fault, then such damages were sustained due to the sole fault of the co-defendants, and if plaintiff should obtain and/or recover judgment against the answering defendant, then the co-defendants shall be liable pursuant to common law for the full indemnification of the answering defendant.

In view of the foregoing, the answering defendant is entitled to complete common law indemnification for all loss, damage, cost or expense, including, without limitation, judgments, attorneys' fees, Court costs and the cost of appellate proceedings from the co-defendants.

**WHEREFORE**, answering defendant demands judgment dismissing the Amended Complaint as to answering defendant, with costs and further demands that the ultimate rights of this defendant and co-defendants, as between themselves, be determined in this action, and that answering defendant have judgment over and against co-defendants for all or a part of any verdict or judgment which may be obtained by the plaintiff against answering defendant, together with costs, interest and disbursements of this action.

Dated: New York, New York
       August 9, 2010

/S/
Carl S. Sandel (CS3594)
(DLD 1203)
MORRIS DUFFY ALONSO & FALEY
Attorneys for defendant
KEVIN FREIBOTT
Office & P.O. Address
2 Rector Street - 22nd Floor
New York, New York l0006
(212) 766-l888