IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ZELAYA, AND CARLOS ZELAYA AS ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF RUTH ZELAYA AND OF JOSE CARLO ZELAYA<br><br>Plaintiffs,<br><br>v.<br><br>MADISON SQUARE GARDEN, L.P., 247 W. 37TH STREET LLC LLC I/S/H/A STITCH BAR & LOUNGE, INC. AND KEVIN FREIBOTT,<br><br>Defendants. | Case No.: 08 CV 2933<br><br>**ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant 247 West 37th Street, LLC i/s/h/a Stitch Bar & Lounge, Inc by their attorneys Nowell Amoroso Klein Bierman, P.A. hereby answers the Second Amended Complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Admits the allegations in paragraph 8.

9. Admits the allegations in paragraph 9.

10. Admits the allegations in paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Denies the allegations in paragraph 12.

13. Denies the allegations in paragraph 13.

14. Admits the allegations in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Admits the allegations in paragraph 16.

17. Admits the allegations in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Admits the allegations in paragraph 19.

20. Denies the allegations in paragraph 20.

21. Denies the allegations in paragraph 21.

22. Admits the allegations in paragraph 22.

23. This paragraph makes no allegation against this answering defendant.

24. This paragraph makes no allegation against this answering defendant.

25. This paragraph makes no allegation against this answering defendant.

26. This paragraph makes no allegation against this answering defendant.

27. This paragraph makes no allegation against this answering defendant.

28. This paragraph makes no allegation against this answering defendant.

29. This paragraph makes no allegation against this answering defendant.

30. Denies the allegations in paragraph 30.

31. Denies the allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. Denies the allegations in paragraph 34.

35. Repeats and realleges each and every response set forth in paragraph 1 through 34.

36. Admits the allegations in paragraph 36.

37. This paragraph makes no allegation against this answering defendant.

38. This paragraph makes no allegation against this answering defendant.

39. This paragraph makes no allegation against this answering defendant.

40. Denies the allegations in paragraph 40.

41. Denies the allegations in paragraph 41.

42. Denies the allegations in paragraph 42.

43. Denies the allegations in paragraph 43.

44. Denies the allegations in paragraph 44.

45. Denies the allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Denies the allegations in paragraph 49.

50. Repeats and realleges each and every response set forth in paragraph 1 through 49.

51. Admits the allegations in paragraph 51.

52. This paragraph makes no allegation against this answering defendant.

53. This paragraph makes no allegation against this answering defendant.

54. This paragraph makes no allegation against this answering defendant.

55. Denies the allegations in paragraph 55.

56. Denies the allegations in paragraph 56.

57. Denies the allegations in paragraph 57.

58. Denies the allegations in paragraph 58.

59. Repeats and realleges each and every response set forth in paragraph 1 through 58.

60. Admits the allegations in paragraph 60.

61. Denies the allegations in paragraph 61.

62. Denies the allegations in paragraph 62.

63. Denies the allegations in paragraph 63.

64. Denies the allegations in paragraph 64.

65. Denies the allegations in paragraph 65.

66. Denies the allegations in paragraph 66.

67. Denies the allegations in paragraph 67.

68. Denies the allegations in paragraph 68.

69. Denies the allegations in paragraph 69.

70. Denies the allegations in paragraph 70.

71. Denies the allegations in paragraph 71.

72. Denies the allegations in paragraph 72.

73. Denies the allegations in paragraph 73.

74. Repeats and realleges each and every response set forth in paragraph 1 through 73.

75. Admits the allegations in paragraph 75.

76. Denies the allegations in paragraph 76.

77. Denies the allegations in paragraph 77.

78. Denies the allegations in paragraph 78.

79. Denies the allegations in paragraph 79.

80. Denies the allegations in paragraph 80.

81. Denies the allegations in paragraph 81.

82. Denies the allegations in paragraph 82.

83. Repeats and realleges each and every response set forth in paragraph 1 through 82.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85. This paragraph makes no allegation against this answering defendant.

86. This paragraph makes no allegation against this answering defendant.

87. This paragraph makes no allegation against this answering defendant.

88. This paragraph makes no allegation against this answering defendant.

89. This paragraph makes no allegation against this answering defendant.

90. Denies the allegations in paragraph 90.

91. Denies the allegations in paragraph 91.

92. Denies the allegations in paragraph 92.

93. Denies the allegations in paragraph 93.

94. Repeats and realleges each and every response set forth in paragraph 1 through 93.

95. Denies the allegations in paragraph 95.

96. Denies the allegations in paragraph 96.

97. Denies the allegations in paragraph 97.

### FIRST AFFIRMATIVE DEFENSE

Any damages which may have been sustained by the plaintiffs were contributed to in whole or in part by the culpable conduct of the plaintiff and plaintiff's decedent, pursuant to Section 14-A, C.P.L.R.

### SECOND AFFIRMATIVE DEFENSE

Any damages which may have been sustained by the plaintiffs were contributed to in whole or in part by the culpable conduct of third parties not under the control of answering defendant.

### THIRD AFFIRMATIVE DEFENSE

Pursuant to C.P.L.R. 4545(c), if it be determined or established that plaintiff has received or with reasonable certainty shall receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earning or other economic loss, and that the same shall be replaced or indemnified, in whole or in part from any collateral source such as insurance (except for life insurance), social security (except for those benefits provided under title XVIII of the Social Security Act), workers' compensation or employee benefit programs (except such collateral source entitled by law to liens against any recovery of the plaintiff), then and in that event answering defendant hereby pleads in mitigation of damages the assessment of any such cost or expense as a collateral source in reduction of the amount of the award by such replacement or indemnification, minus an

amount equal to the premiums paid by the plaintiff for such benefits for the two (2) year period immediately preceding the accrual of this action and minus an amount equal to the projected future cost to the plaintiff of maintaining such benefits and as otherwise provided in C.P.L.R. 4545(c).

### FOURTH AFFIRMATIVE DEFENSE

The injuries and damages alleged, all of which are denied by the answering defendant, were caused by the intervening, interceding and superseding acts of third parties not under the control of answering defendant.

### FIFTH AFFIRMATIVE DEFENSE

Answering defendant is entitled to limitation of liability.


### AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A FIRST CROSS CLAIM AGAINST CO-DEFENDANT, ANSWERING DEFENDANT ALLEGES:

If plaintiffs were caused to sustain injuries and damages at the time and place set forth in plaintiff's Second Amended Complaint through any carelessness, recklessness and negligence other than plaintiff's own, those damages arose in whole or in part from the acts of co-defendants, and if any judgment is recovered herein by plaintiff against answering defendant, then this defendant will be damaged thereby and will be entitled to apportionment or indemnification, in whole or in part, on the basis of proportionate responsibilities or obligation to indemnity of co-defendants.


### AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A SECOND CROSS CLAIM AGAINST CO-DEFENDANTS, ANSWERING DEFENDANT ALLEGES:

If the plaintiff was caused to sustain injuries and damages at the time and in the manner set forth in his Second Amended Complaint through any carelessness, recklessness or negligence other than that of plaintiff's own, which is expressly denied, such injuries and damages will have been

caused, brought about and sustained solely by reason of the active, primary and affirmative negligence, carelessness and wrongdoing of the co-defendants, by their agents, servants and/or employees, without any negligence on the part of the answering defendant contributing thereto, or if there be any negligence on the part of the answering defendant, the same were merely passive and secondary in nature.

That by reason of the foregoing, if the plaintiff recovers any judgment against the answering defendant, then this defendant is entitled to be fully indemnified by the co-defendants in a like amount, together with the costs, disbursements, expenses and attorney's fees of the defense of this action by reason of the active and primary negligence of the co-defendants.

### AS A BASIS FOR AFFIRMATIVE RELIEF AND AS AND FOR A THIRD CROSS CLAIM AGAINST CO-DEFENDANTS, ANSWERING DEFENDANT ALLEGES:

If plaintiff sustained damages as alleged in the Second Amended Complaint through any fault other than the plaintiff's own fault, then such damages were sustained due to the sole fault of the co-defendants, and if plaintiff should obtain and/or recover judgment against the answering defendant, then the co-defendants shall be liable pursuant to common law for the full indemnification of the answering defendant.

In view of the foregoing, the answering defendant is entitled to complete common law indemnification for all loss, damage, cost or expense, including without limitation, judgments, attorneys' fees, Court costs and the cost of appellate proceedings from the co-defendant.

**WHEREFORE,** answering defendant demands judgment dismissing the Amended Complaint as to answering defendant, with costs and further demands that the ultimate rights of this defendant and co-defendants, as between themselves, be determined in this action, and that

answering defendant have judgment over and against co-defendants for all or a part of any verdict or judgment which may be obtained by the plaintiff against answering defendant, together with costs, interest and disbursement of this action.

Dated: Hackensack, New Jersey
August 18, 2010

By: /s/ Alexander J. Drago
Alexander J. Drago, Esq.
**NOWELL AMOROSO KLEIN BIERMAN, P.A.**
Attorneys for Defendant 247 West 37th Street,
LLC i/s/h/a Stitch Bar & Lounge, Inc.
155 Polifly Road
Hackensack, NJ 07601