UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

CARLOS ZELAYA, RUTH ZELAYA, by her :
Guardian Ad Litem, Carlos Zelaya,
and CARLOS ZELAYA, as the           :
Administrator Ad Prosequendum of
the Estate of JOSE CARLOS ZELAYA,   :     08 Civ. 2933 (LMM)
deceased,
                                    :     MEMORANDUM AND ORDER
              Plaintiffs,
                                    :

       - against -
                                    :

MADISON SQUARE GARDEN, L.P.,
CABLEVISION SYSTEMS CORPORATION,    :
STITCH BAR & LOUNGE, INC. and
KEVIN FREIBOTT,                     :

              Defendants.           :

------------------------------------x

McKENNA, D.J.

      Defendant Stitch Bar & Lounge, Inc. ("Stitch") moves for (1) summary judgment dismissing the action as to it, and (2) an order excluding from evidence (i) the testimony of Russell Kolins, as an expert in alcohol service policies and procedures, and (ii) images downloaded from Stitch's website.

**1.**

      Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).



3 - DEC 2010

The record on the motion -- including "expert and eyewitness testimony," Kelly v. Fleet Bank, 706 N.Y.S.2d 190, 192 (App. Div. 2d Dep't 2000) (citations omitted), leave to appeal denied, 722 N.Y.S.2d 794 (2001) -- shows that there is a material issue of fact as to, at the least, whether Mr. Freibott was "visibly intoxicated," N.Y. Alcoholic Beverage Control Law, § 65(2) (McKinney 2010), while at the Stitch premises on January 23, 2007. Stitch's motion for summary judgment is denied.

**2.**

Stitch's motion to exclude the testimony of Mr. Kolins is granted. Insofar as Mr. Kolins' report describes his testimony as regards Stitch, plaintiff does not show that that testimony would "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The standard applicable to Stitch's personnel during Mr. Freibott's visit is set by N.Y. Alcoholic Beverage Control Law, § 65(2). An expert cannot testify as to domestic law.

Nor have the photographs downloaded from the Stitch website been shown to be likely to assist the trier of fact; indeed, in the Court's view, they are more likely to distract attention from the real issue as to whether Mr. Freibott was visibly intoxicated while at the Stitch premises on January 23, 2007.

\*       \*       \*

Chambers will contact counsel to schedule a conference at which a trial date and pretrial requirements will be discussed.

SO ORDERED.

Dated: December _3_, 2010

_____
Lawrence M. McKenna
U.S.D.J.

3