IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS ZELAYA, AND CARLOS ZELAYA AS ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATES OR RUTH ZELAYA AND JOSE CARLO ZELAYA : <br><br> Plaintiff <br> vs. : <br><br> MADISON SQUARE GARDEN, L.P., <br> 247 W. 37TH STREET LLC LLC I/S/H/A STITCH <br> BAR & LOUNGE INC., AND KEVIN FREIBOTT, : <br><br> Defendants : <br> : | Civil Action <br><br> Case No. 08-CV-2933 |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT STITCH BAR'S MOTION TO REOPEN DISCOVERY**

DAVIS, SAPERSTEIN & SALOMON, P.C.
Attorneys for Plaintiff
375 Cedar Lane
Teaneck, NJ 07666
(201)907-5000

Terrence Smith
On the brief

## Table of Contents

|  | Page |
|---|---|
| Table of Cases | ii |
| Introduction | 1 |
| Standard of Review | 1 |
| Statement of Facts | 1 |
| Legal Argument | 3 |
| Point 1. Stitch Has Shown Neither Good Cause Nor Good Faith In Its Motion To Reopen Discovery. | 3 |
| Conclusion | 5 |

## Table of Cases

| | Page |
|---|---|
| Bakalar v. Vavra, 2011 WL 165407 (S.D.N.Y. 2011) | 3 |
| Gray v. Town of Darien, 927 F. 2d 69 (2d Cir. 1991) | 1 |
| Jeannite v. City of New York Dep't of Bldgs, 2010 WL 2542050 (S.D.N.Y. 2010) | 1 |
| Paone, Inc. v. Oberholtzer, 2007 WL 2972587 (N.D.N.Y. 2007) | 3, 5 |
| Trebor Sportswear Co., Inc., v. The Limited Stores, Inc., 865 F.2d 506 (2d Cir. 1989) | 1 |

## Introduction

Almost two years since the close of discovery in this case, Defendant Stitch Bar now wants to reopen discovery. The court has decided all dispositive motions and the case is trial ready. To reopen discovery at this late date would be very prejudicial to Plaintiff Carlos Zelaya and would reward Defendant's dilatory conduct and bad judgment. The Court should therefore deny Defendant's motion to reopen discovery.

## Standard of Review

To decide whether to reopen discovery, this Court must consider whether Defendant Stitch has shown good cause. *Gray v. Town of Darien*, 927 F. 2d 69, 74 (2d Cir. 1991). A significant consideration is whether Stitch has already been afforded adequate opportunity for discovery. *Trebor Sportswear Co., Inc., v. The Limited Stores, Inc.*, 865 F.2d 506 (2d Cir. 1989). This Court must also consider (1) whether trial is imminent, (2) whether Plaintiff has opposed Defendant's request, (3) Whether Plaintiff Zelaya will be prejudiced, (4) whether Defendant Stitch was diligent in obtaining discovery within the guidelines established by the court, (5) the likelihood that Plaintiff will need additional discovery if the Court grants Defendant's request, and (6) the likelihood that further discovery will lead to relevant evidence. *Jeannite v. City of New York Dep't of Bldgs*, 2010 WL 2542050 at 2 (S.D.N.Y. 2010).

## Statement of Facts

Formal discovery in this case ended on September 16, 2009 with the deposition of Defendant Stitch's expert witness, Robert Pandina, Ph.D. Dr. Pandina's was the last report served on August 31, 2009 and last deposition held on September 16, 2009. As of that date, all material facts and opinions were known to all parties. Stitch deliberately chose not to permit Dr. Pandina to address any crossclaim issues.

1

Defendants filed a host of dispositive motions on September 30, 2009, Document #s 96-127, to which Plaintiff responded by November 13, 2009.  Document #s 135-161.  Defendants' replies filed on December 9, 2009 closed the record on the pending motions.  Documents #164, et seq.

Stitch did not object to discovery deadlines. Stitch did not ask for relief from discovery deadlines other than to request and receive a brief extension of time to depose Dr. Pandina because of his vacation schedule. Stitch did not ask for additional time or information with regard to any crossclaim issues.

Magistrate Peck was an attentive, but aggressive case manager where discovery was concerned. Stitch had all plaintiff's expert reports by July 1, 2009 pursuant to Magistrate Peck's order of June 2, 2009.  Stitch had all other defense expert reports by August 31, 2009 as required by the same order as well as all deposition testimony of all fact witnesses and all of Plaintiff's experts. Document # 77.  Exhibit A attached.

Stitch counsel attended few depositions.  Stitch did not appear at depositions of experts, Caplan [ defense toxicology], Fine [defense alcohol behavior], Fried [plaintiff minimal consciousness] , Greenwald [defense minimal consciousness], Klingen [plaintiff accident reconstruction], Kolins [plaintiff alcohol service], Mattson [defense costs of care], Parisi [plaintiff costs of care],Salgo [plaintiff minimal consciousness],  Shavell [defense life expectancy], Schorr [defense accident reconstruction] , or Thorsen [defense alcohol service]. Stitch did not attend the depositions of Mrs. Zelaya's treating doctors Garstang, McGuire or Prestigiacomo.  Stitch did not attend the depositions of co-defendant employees Cameron [beer server], Hassett [policy executive], Randazzo [security chief] or Ratner [President].  On the two occasions when a lawyer appeared for Stitch at an employee deposition, the lawyer asked no

2

questions.

Stitch made no independent effort to pursue discovery on its crossclaims against any co-defendant. Stitch neither served its own reports or joined in those of the co-defendants on the substantive issues of accident reconstruction, economic damages, non-economic damages, alcohol service or security.

## Legal Argument

Point 1. Stitch Has Shown Neither Good Cause Nor Good Faith In Its Motion To Reopen Discovery.

Stitch's dilatory conduct in obtaining discovery borders on deliberate indifference. Despite every opportunity to do so, Stitch either failed to appear or failed to participate. The Stitch litigation plan was to spend as little time and expense at possible and hope that others would come to its aid. Stitch knew or should have known that Plaintiff or the other Defendants could resolve their claims at any time. Stitch's reliance on the "aggressive nature with which plaintiff was pursuing that action [against the former defendant] was a deliberate choice.

Stitch's application does not offer a scintilla of good cause to justify reopening discovery. From its papers, it appears that Stitch's sole ground for more expert opinion is the unspoken allegation that its prior counsel should have but failed to obtain such discovery. Stitch is now on lawyer number three.

Despite a more than adequate opportunity for discovery, Stitch simply did nothing. *Bakalar v. Vavra*, 2011 WL 165407 at 4-5 (S.D.N.Y. 2011). Like the child who murdered his parents, Stitch now beseeches the Court's mercy as an orphan. Despite its almost total disregard for pretrial discovery, Stitch now wants to reopen discovery to add opinion testimony that has always been available to it. *Paone, Inc. v. Oberholtzer*, 2007 WL 2972587 at 3-4 (N.D.N.Y.

2007).

By Stitch's own claimed standard of review, it fails on each of the six judicial considerations.

1. Trial in this case was and remains imminent. The Court denied Stitch's dispositive motions save one. Settlement conferences have failed because of Defendant's intransigent negotiation posture. The Court issued an order requiring the parties to prepare a joint pre-trial order date, scheduled a pre-trial conference for June 24, 2011, and is considering a trial date of October 24, 2011. There is nothing more to do in this case except present the facts to a jury.

2. Plaintiff opposes Stitch's application.

3. Plaintiff is severely prejudiced. Plaintiff evaluated Dr. Pandina's report and deposed him in context of discovery as it existed. Plaintiff did not depose this expert on unexpressed opinions or legal issues that Stitch chose not to address. Indeed, Plaintiff did not to question on certain issues precisely because Dr. Pandina did not comment on them.

4. Stitch's conduct speaks for itself. To argue that it has been diligent in any respect is meritless. Stitch made a calculated decision not to pursue its claim against MSG during the period of discovery.

5. There will be a need for substantial additional discovery. Plaintiff will have to spend substantial amounts of time and expense to evaluate new and unpredictable opinions. Plaintiff will have to re-depose Defendant's expert, re-submit whatever new opinions are conjured to Plaintiff's own experts for comment, and likely, supplemental reports. It is also foreseeable that Plaintiff may file a motion to bar some or all of whatever new opinions arise.

6. There will be no relevant evidence from reopening discovery. The undisputed fact remains that no fact witness or other admissible evidence tends to prove that Freibott was visibly

intoxicated while he was served alcoholic beverages at any location other than Defendant's premises.

Quite simply, to allow additional discovery at this late date would be unfair to Mr. Zelaya and would afford Stitch an undeserved tactical advantage by allowing it to conduct discovery after it has had the benefit of seeing all factual and legal arguments, as well as the change in party status. Stitch's conduct demonstrates flagrant disregard of the Court's scheduling Order and the Federal Rules of Civil Procedure. *Paone, Inc. v. Oberholtzer*, supra, at 3-4.

## Conclusion

The Court should deny Defendant's motion to reopen discovery. Stitch has failed to show good cause or any justification for the relief it now seeks. Now almost two years since the discovery deadline passed, this case is ready for trial.

Respectfully submitted,
Davis, Saperstein & Salomon, P.C.
Attorneys for Plaintiff Carlos Zelaya

_____
Terrence Smith

May 25, 2011