```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------x

CARLOS ZELAYA, and CARLOS ZELAYA          :
as the Administrator Ad Prosequendum
of the Estate of RUTH ZELAYA and          :     08 Civ. 2933 (LMM)
JOSE CARLOS ZELAYA, deceased,
                                          :     MEMORANDUM AND ORDER
                    Plaintiffs,
                                          :
        - against -
                                          :
MADISON SQUARE GARDEN, L.P.,
247 W. 37th STREET LLC, I/S/H/A           :
STITCH BAR & LOUNGE, INC. and
KEVIN FREIBOTT,                           :

                    Defendants.           :

-----------------------------------------x
```

McKENNA, D.J.

**1.**

The Court has been advised by counsel for defendant 247 W. 37th Street LLC i/s/h/a Stitch Bar & Lounge Inc. ("Stitch") that that defendant's expert, Dr. Robert Pandina, will not be available until January 7, 2012. (See Letter, counsel for Stitch to Court, October 17, 2011, at 1-2.) The Court, accordingly, adjourns the trial (presently scheduled for November 28, 2011) sine die: a new trial date, not earlier than January 9, 2012, will be assigned.

**2.**

Another issue relating to trial requires resolution (hopefully by agreement of all parties) before trial.

In a proposed pretrial order filed on September 26, 2011, the parties had stipulated to the amounts of medical bills from more than 80 health care providers to plaintiff Carlos Zelaya individually and as administrator ad prosequendum of Ruth and Jose Carlos Zelaya. (See Pretrial Order, at 4-6.) In a letter to the Court dated September 28, 2011, counsel for plaintiff advised the Court that defendant Stitch withdrew from that stipulation;[1] counsel for Stitch confirmed the withdrawal on the record on October 6, 2011 (see Transcript, Oct. 11, 2011, at 2-3.)

To put some 80 witnesses on the stand to testify to what are obviously ascertainable facts -- what bills were issued and what was paid or is due on each bill -- would impose an extremely heavy but unnecessary burden on the jury. The Court suggests the parties consider the following:

Plaintiff will (if he has not done so already) produce every bill for which he seeks recovery to defendants, not later than October 31, 2011. Defendants may then, during November 2011, depose plaintiff as to all bills claimed by him as damages, and all agreements he has made or seeks to negotiate regarding the reduction or deferment of payment of any bill(s).

---

[1] It appears that defendant Freibott also seeks to withdraw from the stipulation (although that defendant's counsel has not so advised the Court). (See Letter, Oct. 10, 2011, counsel for Stitch to Court, at 1.

Plaintiff, prior to trial, will prepare a summary chart (see Fed. R. Evid. 1006) of his claimed damages for use at trial (a copy of which chart is to be provided to defendants prior to trial).

This procedure would not only eliminate the need for the more than 80 health care providers to testify, while allowing defendants to cross-examine effectively, but would obviate the need to reserve damage issues for post-trial (and non-jury) resolution. (See Transcript, Oct. 6, 2011, at 7.)

Counsel for all parties are to comment on the above suggestions in writing no later than ten days from the date hereof.

SO ORDERED.

Dated: October 28, 2011

_____
Lawrence M. McKenna
U.S.D.J.